CHARLOTTE MORSE *vs.* THE LASH MOTOR COMPANY, INCORPORATED.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The statutes requiring the registration of motor vehicles are for the purpose of identification and revenue.

The State may require the registration of a motor vehicle of a nonresident which is driven only once upon its highways.

Under the statutes governing the registration of motor vehicles, one may be a resident of more than one State.

Section 17 of Chapter 400 of the Public Acts of 1921 (since amended) provided that a nonresident, over eighteen years of age, who had complied with the laws of the State of his residence relating to the registration and operation of motor vehicles, might operate his automobile upon the highways of this State

for a period not exceeding fifteen days, not necessarily consecutive, in any year, without fulfilling the requirements of our statute concerning registration; and § 1 defined a nonresident as "any person who has no regular place of abode or business in this State for a longer period than fifteen days, not necessarily consecutive, in the calendar year." *Held* that the plaintiff—who in 1925 owned an automobile duly registered under the laws of Massachusetts, where she was engaged as a violin teacher during nine months of the year, and who, as was her custom, came to this State in June to spend the summer vacation of three months with her parents at their home in Meriden, bringing her car with her and using it only occasionally and for a total of less than fifteen days, and who, in October, following her return to Massachusetts, came into this State for one day and was then injured in a collision with the defendant's truck—was not a nonresident within the meaning of the statute; and that she, therefore, was barred, under § 61, from maintaining an action for the recovery of damages, since her vehicle was not registered in accordance with the laws of this State.

Argued October 28th—decided December 12th, 1927.

ACTION to recover damages for injuries to the plaintiff's person and to her automobile, alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the court, *Simpson, J.*; judgment for the plaintiff for $1,612, and appeal by the defendant. *Error and cause remanded for entry of judgment for defendant.*

*Daniel D. Morgan,* with whom, on the brief, was *Philip Pond,* for the appellant (defendant).

*George E. Beers* and *Irving G. Smith,* for the appellee (plaintiff).

BANKS, J.   This action was brought by the plaintiff to recover damages for injuries to person and property arising from a collision between an automobile owned and driven by her, and a truck owned by the defendant and operated by its servant.   The defendant dis-

claimed liability for the reason, among others, that the plaintiff's automobile was not legally registered in accordance with the statute. The facts relevant to this defense are these: The plaintiff was a violin teacher in a music school in Massachusetts, where she resided during the school year of about nine months, spending the summer vacation of two and a half to three months at the home of her parents in this State, which she considered her home. On April 20th, 1925, she bought an automobile in this State and the following day drove it to Newton Highlands, Massachusetts, where she had it duly registered under the laws of that State. The latter part of June, 1925, she drove the car to Meriden, Connecticut, and from that time until the latter part of August kept it in her father's barn in Meriden, and drove it some six or eight times in and about Meriden. During this period she remained at her home in Meriden or at the shore in Guilford, where she made frequent trips with friends, and was at all times within the State. The latter part of August she drove the car to New Jersey, then to Long Island, and back to Meriden the latter part of September, where she remained a few days, and then drove to Newton Highlands, where she remained until October 23d, 1925, when she drove the car into this State, where the collision occurred with defendant's truck. The car was not at any time registered in this State, and was actually driven by the plaintiff in this State a total of less than fifteen days during the year 1925.

Section 8 of the Motor Vehicles Act then in force (Public Acts of 1921, Chap. 400) provided for the registration of all motor vehicles operated upon the public highways of the State; §17 provided that any nonresident over eighteen years of age might operate a motor vehicle upon the highways of the State for a period not exceeding fifteen days, not necessarily

consecutive, in any year, without complying with the provisions of the Act requiring registration, if he had complied with the laws of the State where he resided relating to the registration and operation of motor vehicles. The statute now in force extends such privilege to a nonresident for the same period allowed by the State or county of his residence to residents of this State. Section 61 of the Act of 1921 provided that no recovery should be had in the courts of the State by the owner of a motor vehicle not legally registered, for injury to person or property by reason of its operation upon any public highway, unless such motor vehicle was the property of a nonresident and within the provision of §17. Section 1 of that Act defined "nonresident" as follows: " 'Nonresident' shall apply to any person who has no regular place of abode or business in this State for a longer period than fifteen days, not necessarily consecutive, in the calendar year." If the plaintiff was a nonresident, as the term is thus defined, her car was being legally operated under the provision of §17. If she was not a nonresident, her car was not legally registered, and by reason of the provision of §61 she is barred of a recovery in this action. The finding definitely places the plaintiff outside the literal terms of the statutory definition of "nonresident." She had a place of abode in this State for two consecutive months in the year 1925. If special significance is to be attached to the statutory description of the abode as "regular" it would seem that the plaintiff's abode during these two months, being in one place and that place her parents' home, which she considered her own home, answered that description. That the word was not used in the sense of permanent is apparent from the context, the phrase being used in connection with so short a period of time as fifteen days. The plaintiff had a regular place of

abode in this State for a longer period than fifteen days in the calendar year of 1925. Unless the statutory definition is capable of some other construction than that which its language would naturally bear, the plaintiff cannot be classed as a nonresident under the statute in force at the time of this accident. This definition is found in the first section of the Motor Vehicles Act, the introductory provision of which reads: "Terms used in this Act shall be construed as follows, unless another meaning is clearly apparent from the language or context or unless such construction is inconsistent with the manifest intention of the General Assembly." The manifest intention of the General Assembly was to provide for the registration of all motor vehicles operated upon our highways except the necessarily brief and temporary or occasional operation permitted under §17. As we have said, this is for the purpose of identification and revenue. *Shea v. Corbett*, 97 Conn. 141, 145, 115 Atl. 694.

It is within the power of the State to regulate the use of its highways by those who pass through it, and the State may, therefore, require the registration in this State of a motor vehicle of a nonresident which is driven upon our highways on but a single occasion. *Kane v. New Jersey*, 242 U. S. 160, 37 Sup. Ct. 30. To promote the convenience of owners and prevent the relative hardship of having to pay the full registration fee for a brief use of the highways, it has become common in State legislation to provide for the free use of the highways by residents of other States who are passing through the State or driving within it for a limited period, and whose motor vehicles are duly registered in the State where they live. Section 17 of the Act provided for such temporary and limited operation upon our highways of motor vehicles owned by residents of other States. The period limited was fif-

teen days, not necessarily consecutive, in the calendar year. This section of the Act applied to nonresidents who were within the State only temporarily or occasionally. For the purposes pertaining to registration of motor vehicles, a person may be a resident of more than one State. He may, as plaintiff did, reside here during the summer and in Massachusetts the rest of the year. He is in such case a resident of both States. It becomes important, then, to prescribe some exact method of determining the length and character of the sojourn in this State requisite to make one a resident for the purposes of the Motor Vehicles Act. This the statute did negatively in the definition quoted. One who had a regular place of abode or business here for more than fifteen days ceased to be a nonresident, and became subject to the same regulation with regard to the registration of his motor vehicle as other residents of this State, and such vehicle, if it was to be operated at all upon our highways, must have been registered here, equally with that of a person who had his permanent abode here, and this whether he chose to operate such vehicle in this State more or less than fifteen days during the then current calendar year. The statute definitely fixed the period of residence necessary to subject him to such regulations and determined his *status* as a resident, for the specified purpose, for that year. This result is not inconsistent with the intention of the legislature, under the Act of 1921, to exempt from payment of the registration fees nonresidents who used the highways of this State for no more than fifteen days in the calendar year.

The plaintiff having had a regular place of abode in this State for more than fifteen days during the year 1925, was not a nonresident within the statutory definition then in force and therefore, not having registered her motor vehicle in this State, was not entitled

to recover for injury to her person or property received by reason of its operation upon the highways of the State.

This conclusion renders unnecessary a consideration of the other reasons of appeal.

There is error, the judgment is set aside, and the cause remanded with direction to enter judgment for the defendant.

In this opinion the other judges concurred.