THE BYROLLY TRANSPORTATION COMPANY vs. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, New Haven, June Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued June 12th—decided October 8th, 1929.

*John F. McDonough,* with whom, on the brief, was *John T. Monzani,* for the appellant (plaintiff).

*John H. Gardner, Jr.,* with whom, on the brief, was *Edward R. Brumley,* for the appellee (defendant).

WHEELER, C. J. The preceding case and this case were tried together. In the case of The Byrolly Transportation Company the jury would not have been entitled to find that Douglas should have seen the approaching train from the south before driving on the crossing. All that appeared in the evidence, prior to the motion for a nonsuit, was that Douglas had looked for the train and had not seen it. The nonsuit was not granted upon the ground of the contributory negligence of Douglas, the employee of the plaintiff company, but upon the sole ground that the motor truck of the plaintiff with which the train collided had not been legally registered in accordance with the provisions of § 9 of Chapter 400 of the Public Acts of 1921 and therefore was barred from maintaining its action under § 61 of that Act which provides: "No recovery shall be had in the courts of this State by the owner of a motor vehicle which has not been legally

registered in accordance with section nine, for injury to person or property received by reason of the operation of such motor vehicle upon any public highway." If the accident had occurred upon a public highway the section would have been applicable. *Morse* v. *Lash Motor Co., Inc.*, 107 Conn. 137, 139 Atl. 637.

The evidence shows, beyond peradventure, that the road from the railroad crossing to the Kalbfleisch factory was a private road and that the planked crossing over the railroad was upon the railroad's property and its crossing a private and permitted one, undoubtedly to give access to this factory. The public highway was on the east side of the crossing.

The trial court held that the truck, although not at the time of the accident on the public highway, Railroad Hill Avenue, was being operated upon this public highway, within the intendment of the statute. Douglas had driven from Waterbury to this factory, crossing the railroad tracks from this highway and proceeding thence to this factory down the private road which ended at the factory where he took on a load and left there at ten thirty-five, and drove about two minutes until he came to the factory gate which was three hundred feet from the crossing, and thence drove along the road and upon the crossing where the collision occurred on the north track.

This was no momentary leaving of the public highway as the court apprehended. The route from the public highway to this factory where the truck took on a load was about five hundred feet. The truck was not on the public highway at the time of the collision but on the private crossing owned by the railroad. The statute had no application to the recovery of the plaintiff and the ground the nonsuit was granted upon was not well taken.

If the evidence submitted by the plaintiff had shown

that the plaintiff's own negligence materially contributed to this collision we should sustain the granting of the nonsuit and deny the appeal even though the ground on which the nonsuit was granted was erroneous; since, however, this did not appear until the defendant introduced its evidence in the Douglas case a new trial must be ordered. There was no basis for the application of the last-clear-chance doctrine in the evidence submitted by the plaintiff.

While we are obliged to grant a new trial, in order to end this litigation, we express the opinion that we do not see how the plaintiff would be in any better position to maintain a verdict upon the entire evidence as offered in the Douglas case than was Douglas.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.