MARGUERITE A. WILLINGHAM *v.* RAYMOND L. WILLINGHAM.

[No. 1, April Term, 1932.]

*Decided May 12th, 1932.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Washington Bowie, Jr.,* with whom was *Philip H. Dorsey, Jr.,* on the brief, for the appellant.

URNER, J., delivered the opinion of the Court.

The parties to this suit were married in the District of Columbia, and the abandonment alleged by the plaintiff in this suit for divorce occurred in that jurisdiction. The Maryland divorce statute provides: "No person shall be entitled to make application for a divorce, where the causes for divorce occurred out of this State, unless the party plaintiff or defendant shall have resided within this State for two years next preceding such application." Code, art. 16, sec. 40. It is averred in the bill of complaint that the plaintiff has resided in St. Mary's County, where the bill was filed, for more than two years immediately prior to the institution of the suit, and that the defendant is a resident of the District of Columbia. The bill was filed on August 23rd, 1930. It was dismissed by the Circuit Court for St. Mary's County on the ground that the evidence did not satisfactorily prove the plaintiff's residence in this state for the statutory period before the suit. There was no defense in the case, which proceeded under a decree *pro confesso.*

It was testified by the plaintiff that she had been a resident of St. Mary's County for nearly four years, having lived there with her father, and that she is a voter in that county. Her father testified that the plaintiff was living with him at Valley Lee in St. Mary's County, and had resided there for more than two years. This testimony was taken before an examiner in November, 1930. The case having been presented to the court some months later, it passed an order stating that it was not satisfied with the testimony reported by the examiner, especially as to the plaintiff's residence, and providing that additional testimony be taken in open court. At the time appointed by the order, two witnesses were produced on behalf of the plaintiff, and testified in effect that they had seen her at various times at a cottage owned by her father in St. Mary's County, where he and his family spent the summer. During the remainder

of the year they lived in Washington, and it was evidently there that the plaintiff's vocation as a clerk was pursued. In September, 1930, shortly after the bill of complaint in this case was filed, the plaintiff and her father registered as voters in St. Mary's County and voted at the primary election of that year. That fact would not be conclusive, in a divorce suit, as to their actual domicile at that time (*Harrison v. Harrison,* 117 Md. 607, 84 A. 57), and it certainly does not support the essential allegation of residence in this state for the preceding two year period.

The opinion of the lower court, in commenting upon the evidence, said that it "is far from being definite and specific, but is just such as is frequently given in *ex parte* divorce cases by nonresidents seeking the advantages of our Maryland law which permits an absolute divorce for desertion." It was noted in the opinion that the testimony did not disclose under what conditions the plaintiff lived with her father in Washington during the greater part of the year, and that "only a minor portion of their time, at most one-fourth, is intermittently spent" in St. Mary's County, "during the season when it is so customary for the city dwellers to leave their home to enjoy the summer months in the country." The record justified the chancellor's conclusion that the jurisdictional averment as to the fact and duration of the plaintiff's residence in this state was not satisfactorily proved.

The brief of the appellant complains that the court below erred in assigning an unusually short time for the production of additional evidence, and in not requiring the plaintiff and her father to be again called as witnesses. There is no apparent reason why they could not have been called at a later date if they had so desired. No leave of court for that purpose appears to have been requested. The final decree was not passed until September 30th, 1931, more than six weeks after the further testimony was produced. The objection stated in the brief is therefore not sustainable.

*Decree affirmed, with costs.*