IDA ELIZABETH EWALD *v.* JOHN C. EWALD, JR.
ORAN CLAYTON LEASE, *v.* JOHN C. EWALD, JR.
[Nos. 33, 34, 35, October Term, 1934.]

*Decided November 23rd, 1934.*

The causes were argued before BOND, C. J., URNER, AD-KINS, OFFUTT, PARKE, and SLOAN, JJ.

*Eldridge Hood Young*, with whom were *Young &* *Crothers* on the brief, for Ida Elizabeth Ewald, appellant.

*Randolph Barton, Jr.*, with whom was *Benjamin Ro-senstock* on the brief, for Oran Clayton Lease, appellant.

*George Weems Williams* and *John B. Gray, Jr.*, with whom were *John B. Gray & Son* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The first of the three appeals in this case is from a decree annulling the marriage of the plaintiff and defendant on the ground that a former marriage of the defendant had not been validly dissolved. The second and third appeals are from an order denying the first husband's petition that he be made a party, and that the annulment decree be rescinded for the purpose of permitting argument on his behalf against such an adjudication, in view of the fact that he had subsequently married in reliance upon the validity of the decree of divorce which purported to terminate his marital union with the defendant, but which was held in this suit to be void. In the pending case the plaintiff is John C. Ewald, Jr., whose marriage to the defendant, Ida E. Lease, former wife of Oran C. Lease, the intervening petitioner, occurred in 1926. The annulment suit was instituted in 1932, after

the plaintiff had brought and abandoned a divorce suit against the defendant upon allegations of misconduct which appear to have been unfounded. The divorce which the lower court considered invalid was decreed in 1922. In 1929 Lease's second marriage was contracted, and he has a daughter born of that union. The purpose of his attempted intervention was to defend the legitimacy of his daughter and the character of her mother, who is deceased.

The suit by the present defendant for a divorce from Lease, her first husband, was brought in December, 1921. It was alleged in her bill of complaint that she was residing at North Beach, Calvert County, Md., and that her husband, when last heard of, was in the State of New York; that she had lived with him in the cities of Washington and Baltimore from the date of their marriage on September 5th, 1916, until June 11th, 1918; that her husband, without any just cause, had abandoned and deserted her; and that such abandonment had continued uninterrupted for at least three years, was deliberate and final, and was beyond any reasonable expectation of reconciliation. An order of publication was duly issued, and a decree *pro confesso* was later passed in due course. The case then proceeded to a decree upon evidence consisting of the testimony of the plaintiff and two other witnesses, from which it appeared that the parties were married in Rockville, Md., and that their separation occurred in June, 1918, in Baltimore, where they had been living for six months; that the defendant left the plaintiff without just reason and enlisted in the navy, and thereafter ignored their marital relationship; that the plaintiff at the time of the separation went to live with her parents, who have had a home at North Chesapeake Beach, Calvert County, since early in 1920, where she has since lived, except that during the winter she boarded in Washington, where she was employed, and went to the Chesapeake Beach home at the week-ends; and that the defendant, when the plaintiff last heard from him, was in Philadelphia. Upon this testimony the Circuit Court for Calvert

County, on December 6th, 1922, passed a decree of absolute divorce.

The validity of that decree was successfully attacked in this suit upon the basis of testimony which was regarded by the chancellor as proving that Mrs. Lease was not a resident of Maryland when she filed her bill for divorce, and that the court was consequently without jurisdiction to entertain the proceeding.   It was proved that Mrs. Lease's father owned a home in Washington as well as the house at North Chesapeake Beach, and that she lived with her parents in the Washington home during the winter months, but there was evidence strongly supporting her statement, made in the divorce suit, that she lived in the Maryland home during the greater part of the year. Under the circumstances proved at the trial of the present case, there was a reasonable basis for Mrs. Lease's assertion in the divorce case that she was a resident of Maryland when that suit was prosecuted.   The evidence as a whole does not, in our opinion, require a conclusion that her claim of residence as a jurisdictional fact was made with a fraudulent design.  If the chancellor had sustained that claim upon the testimony in this record, we should have hesitated to disapprove of his conclusion.  But the inquiry is not whether a decision upon the evidence as to the question of residence would be affirmed or reversed if it could be considered as an original issue.  The question with which we are concerned in this case is whether the decree of the Circuit Court, dissolving a Maryland marriage for a cause arising in Maryland, should be nullified because additional evidence, produced twelve years later, has convinced another chancellor that the decree was erroneous in its determination of the jurisdictional fact of residence.  The record fails to present any reason which seems to us adequate for such a review and rescision of the decree thus challenged.  It was passed by a court having the power and duty to decide as to the existence of its jurisdiction over the case, and its unappealed decision of that question should not be subject to avoidance under such conditions as those which this case presents.

The appellee places special reliance upon the cases of *Frey v. Frey,* 61 App. D. C. 232, 59 Fed. (2nd) 1046, and *Walker v. Walker,* 125 Md. 649, 94 A. 346. In the latter case this court, affirming the chancellor's decision, refused to recognize a divorce obtained through fraud practiced upon a court in another state by a fictitious claim of residence made by a spouse who, for the sole purpose of procuring such a divorce, temporarily left the matrimonial domicile in Maryland. In *Frey v. Frey* the Court of Appeals of the District of Columbia rendered a similar decision upon analogous facts. In this case the divorce was procured in Maryland by a wife who was married and abandoned by her husband in this state, and who has actually lived during most of each year, from 1920 to the period of the pending nullification suit, in the Maryland county in which the bill for divorce was filed. The cases of *Willingham v. Willingham,* 162 Md. 539, 160 A. 280, and *Wagner v. Scurlock,* 166 Md. 284, 170 A. 539, also cited by the appellee, differ materially from the present case in their respective circumstances.

The validity of the divorce decree was questioned also on the theory that it was not alleged and proved that the defendant was a nonresident. This objection, if assumed to be jurisdictional, is not tenable, in view of the plain implication of the bill, and the express statement of the order of publication, as to the defendant's nonresidence, and of the proof on the subject, when considered in the light of pertinent decisions of this court. *Hollander v. Central Metal Co.,* 109 Md. 131, 71 A. 442; *Dorsey v. Dorsey,* 30 Md. 531.

The decree of the lower court nullifying the marriage of the parties to the present suit, on the ground that the defendant's prior marriage was still subsisting, will be reversed. Because of that conclusion, the question as to the right of her former husband to intervene in the case becomes immaterial.

*Decree reversed, with costs.*