## SUIT v. SHAILER et al.
### No. 6013.

District Court, D. Maryland.
March 15, 1937.

George B. Woelfel and Emanuel Klawans, both of Annapolis, Md., and Moses Cohen, of Baltimore, Md., for plaintiff.

Robert France (Harrison & France), of Baltimore, Md., for defendants.

CHESNUT, District Judge.

In this case the defendant, Elizabeth S. Pickton, has filed a motion to quash the return of service of summons upon her which, treating her as a non-resident, was made by service on the Secretary of the State, together with affidavit of the plaintiff's attorney that proper notice had been given to her, all in accordance with article 56, § 190A, of Flack's 1935 Supplement to the Annotated Code of Maryland. The ground for the motion to quash is the allegation that she was not a non-resident of the State of Maryland within the meaning of the statute.

The plaintiff's suit is for personal injuries due to the alleged negligence of the defendant, Elizabeth S. Pickton, in driving a motor car belonging to her father, Clifford B. Shailer, the other defendant, who is a citizen and resident of the State of California. The accident and consequent injuries occurred in the City of Annapolis, Maryland, on May 3, 1934. The suit was originally instituted in the Circuit Court for Anne Arundel County on August 10, 1936, and, after service on the defendants as non-residents in the manner and form prescribed by article 56, § 190A, of Flack's Supp. to the Ann.Code of Maryland, the defendant, Clifford B. Shailer, appeared and pleaded to the declaration, but the defendant, Elizabeth S. Pickton, by her attorney, appeared only for the purpose of moving to quash the summons on her. Thereafter on petition of both defendants, the case was

removed to this court on the ground of diverse citizenship.

At the hearing here on the motion to quash, testimony was submitted relating to Elizabeth S. Pickton's residence which in substance was as follows: She is the wife of a Lieutenant in the United States Navy and came to Maryland with him when he was assigned to duty at the Naval Academy, in Annapolis, about September 15, 1932, and she and her husband continuously thereafter actually resided, not in the United States Government grounds for the Naval Academy, but near thereto in the City of Annapolis, until May 25, 1935. During this time the defendant and her husband rented and occupied a dwelling house in Annapolis from September 15, 1932 to June 15, 1934, the lease containing the provision that if Lieut. Pickton were assigned to duty elsewhere than at Annapolis, the lease could be discontinued without further obligation for rent, this being known as the usual "Navy Clause." From June 15, 1934 until May 25, 1935, the defendant and her husband also resided in the City of Annapolis in an apartment house. They had telephone service at both residences, and on August 16, 1932, Lieut. Willis Henry Pickton registered his motor car in accordance with the applicable Maryland statutes in the office of the Commissioner of Motor Vehicles of the State and subsequently registered the same or successively owned cars during the years 1933, 34 and 35. In 1935 Lieut. Pickton was assigned to duty elsewhere than at Annapolis and he and his wife in May 1935 left Annapolis, and she, at the time of the institution of the suit and up to the present time so far as is known, is now actually residing in California. It does not appear that she ever registered or voted in Maryland. She is not a citizen of Maryland.

Upon these facts the plaintiff contends the service on the defendant, Elizabeth S. Pickton, as a non-resident was proper, but her counsel contend that it was improper because she had been an actual resident of the State of Maryland for about two years prior to the accident and continued to be such a resident for more than a year thereafter. The argument on behalf of the plaintiff is in substance that the defendant was, within the meaning of the statute, a non-resident both at the time of the accident in 1934 and at the time of the suit in 1935. It is clear enough that the defendant was a non-resi-

dent of Maryland at the time of bringing the suit. One question presented, therefore, is whether by the proper construction of the statute it is sufficient to justify the special form of constructive or substituted service if the defendant *at the time of the suit* is a non-resident of the State; and if this does not gratify the statute the further question is presented whether on the facts the defendant was a non-resident of the State within the meaning of the statute at the time of the accident. This requires some analysis of the statute itself.

The particular section 190A is in pari materia with the preceding section 190. Both are placed in article 56 of the Code Supp. (Licenses) under the one sub-heading entitled "Non-Resident Owners and Operators." Section 190 is a reciprocal statute for the exchange with other States of privileges for the use of Maryland roads by automobile owners and operators of other States. In substance it provides that non-resident owners and operators of motor vehicles who have complied with the laws of their respective States may use the Maryland roads without local registration or license, which, of course, is generally required of Maryland residents. But it is to be noted that the section provides that it is not applicable "to non-residents of this State who have temporary residences in this State for periods in excess of three months in any year"; and the further provision is made that "any resident of another State who shall come to this State and take up permanent residence herein shall be entitled to use the license and identification marker on his, or her motor vehicle for thirty days, and no more from the time when residence in this State first begins."

It is then provided by section 190A that "The acceptance by a non-resident individual, firm or corporation of the rights and privileges of using the roads and highways of Maryland, which rights and privileges are conferred by Section 190 or by any other law, as evidenced by his, their or its operation of a motor vehicle on any of the public highways within the limits of this State, shall be deemed equivalent to an appointment by such non-resident individual, firm or corporation of the Secretary of State, or his successor in office, to be his, their or its true and lawful attorney upon whom may be served all lawful processes in any action or proceeding instituted, filed or pending against him, them or it, grow-

ing out of any accident or collision in which said non-resident may be involved, while operating or causing to be operated, a motor vehicle on such public highway and said acceptance of the rights and privileges of using said highways for the operation of said motor vehicle by said non-resident individual, firm or corporation within this State, shall be a signification of his, their or its agreement that any such process against him, them or it which is so served shall be of the same legal force and validity (except as hereinafter provided) as if served on him, them or it personally." The section further provides in more detail for the manner of service and requires the filing of an affidavit by the plaintiff's attorney showing a receipt by the non-resident defendant of notice by registered mail of the suit together with a copy of the declaration, cause of action or titling. The defendant's return receipt must be filed with the affidavit. A former Act of the same general nature but not containing the latter requirement of actual notice given to the defendant, was held invalid by the Court of Appeals of Maryland in Grote v. Rogers, 158 Md. 685, 149 A. 547. The present statute has, however, been upheld in Wagner v. Scurlock, 166 Md. 284, 170 A. 539 and Employers' Liability Assur. Corp. v. Perkins, 169 Md. 269, 181 A. 436. See, also, Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Hendrick v. Maryland, 235 U.S. 610, 35 S.Ct. 140, 59 L.Ed. 385.

I am not able to take the view urged by counsel for the plaintiff that non-residence at the time of institution of the suit is sufficient to gratify the statute, if the defendant was in good faith a resident within the meaning of the statute at the time of the accident. As the statute is one of the State of Maryland, I should, of course, follow the construction put upon it by the Court of Appeals of this State, if there were such a decision. But counsel have not been able to refer me to any in this State, or elsewhere under similar statutes, on this particular point, and I know of none. Looking at the evident purpose of the two sections which are so closely related, it seems fairly clear that it was not the intention of the Maryland Legislature to authorize this special form of substituted service on defendants who were bona fide residents of the State at the time of the occurrence sued for, but who afterwards changed their residence to some other State or place. It is conceivable, of course, that a case might arise in which the plaintiff would be as much inconvenienced by such a change of residence very shortly after the accident as in a case where the defendant was a non-resident at the time of the occurrence; but I perceive no apparent attempt in the statute to cover such a situation which is not peculiar to automobile accidents but would equally apply to other causes of action where the defendant removes from the State shortly after the cause of action arises. On the contrary it seems fairly clear from the subject matter and the particular situation intended to be covered that the non-residence referred to in the statute means non-residence at the time of the accident; because what is obviously contemplated is accidents occurring in Maryland from the operation of motor vehicles registered under the laws of other States, or by operators of motor vehicles in this State who are licensed to operate under the statutes of another State. The typical case which the statute is apparently designed to meet is where the defendant is only transiently operating a motor vehicle on the Maryland highways, although the statute is not necessarily limited to a continuous journey through the State, but may cover any case where a foreign motor vehicle owner or operator causes damage within the State while temporarily stopping here. It is not without significance, however, that the privilege to use the State highways without complying with local registration laws is limited to a period of three months for non-residents. It is also important to note that the form of substituted service authorized by section 190A is made to apply to a non-resident exercising the privilege of using the Maryland highways under section 190.

The motion to quash must, therefore, be sustained, unless it can be made to appear from the facts stated that the defendant was a non-resident of Maryland at the time of the accident. The statute does not expressly define what shall constitute non-residence, but only by implication. Therefore it must be ascertained by construction. The argument of the plaintiff is that "residence" should be construed in the sense of "domicile" and that the domicile of the defendant was that of her husband who, being in the Naval Service and only temporarily assigned to the Naval Academy at Annapolis, cannot properly be construed as having a domicile in Maryland, as it otherwise appears that his original domicile was in another State. Numerous decisions are cited by plaintiff's counsel to the ef-

fect that the residence of the wife follows that of the husband (Anderson v. Watt, 138 U.S. 694, 11 S.Ct. 449, 34 L.Ed. 1078), that the domicile of a person is where he permanently resides; and that original domicile once established is not considered to have been changed until there is a definite intention to abandon it and take up a residence elsewhere. Agassiz v. Trefry (D.C.) 260 F. 226; Willingham v. Willingham, 162 Md. 539, 160 A. 280; Langhammer v. Munter, 80 Md. 518, 31 A. 300, 27 L.R.A. 330. The present statute appears to have been construed and applied but once by the Maryland Court of Appeals, (Wagner v. Scurlock, 166 Md. 284, 170 A. 539) on the point as to residence. It was there held that a Washington doctor having a substantial family residence and practice in that City was to be considered a non-resident of Maryland even though he had a small bungalow here and had once voted in this State, in a primary election. While the facts of the case are utterly different from those we are here dealing with, the decision in the opinion puts emphasis upon the defendant's permanent place of abode as constituting his residence, in contra-distinction to a merely temporary residence in some other place. I find nothing in that case, either as to the facts, or on the principle stated, to rule the decision in the instant case.

The meaning of the word "resident" varies with the context and subject matter. When used in connection with the exercise of political rights it may have a different connotation from that given it where it is used to determine property rights. See Shaeffer v. Gilbert, 73 Md. 66, 20 A. 434; Southerland v. Norris, 74 Md. 326, 22 A. 137, 28 Am.St.Rep. 255; Lancaster v. Herbert, 74 Md. 334, 340, 22 A. 139; Howard v. Skinner, 87 Md. 556, 557, 40 A. 379, 40 L.R.A. 753. The construction of the term as here used should be made consistent with the particular subject matter. The mischief which was intended to be overcome by the statute was obviously the difficulty of effecting service of summons in the usual way within the State on transient motorists or non-residents who are only temporarily within the State. But no such condition existed in this case where the defendant was actually residing within the State for two years before the wrong complained of, and for more than a year thereafter. There is nothing in the case to indicate that she would not have been amenable to service of summons in the ordinary way at any time within a year after the accident, and indeed it appears that she could not in fact have effectively been sued elsewhere than in Maryland during that period. And it does not appear that, during the three years she was actually here with her husband, she had a home or permanent place of abode elsewhere. Looking at the evident purpose of the Maryland statute and the mischief to be remedied, it seems apparent that the plaintiff's contention puts an artificial and strained construction upon the term "non-resident" which, for all practical purposes in relation to the subject matter, is far removed from actualities.

I have found no case which on its facts is sufficiently similar to the instant case to be a precedent for it; and no case which, on the principles applied as to what constitutes non-residence, would indicate that in a case of this nature Mrs. Pickton should be classed as a non-resident. On the contrary the principles applied in defining what constitutes residence in several cases would seem to properly classify her as a resident. Thus, in Shaeffer v. Gilbert, supra, the Maryland Court of Appeals, in discussing the characteristics of residence for the exercise of political rights, said (at page 71 of 73 Md., 20 A. 434, 435): "It does not mean, as we have said, one's permanent place of abode, where he intends to live all his days, or for an indefinite or unlimited time; nor does it mean one's residence for a temporary purpose, with the intention of returning to his former residence when· that purpose shall have been accomplished, but means, as we understand it, *one's actual home,* in the sense of having no other home, whether he intends to reside there permanently, or for a definite or indefinite length of time." The Supreme Court of Massachusetts, by Chief Justice Rugg, in Jenkins v. North Shore Dye House, Inc., 277 Mass. 440, 178 N.E. 644, 646, in defining the term "residence" in a statute requiring registration of motor vehicles, said: " 'Residence' means in general a personal presence at some place of abode with no present intention of definite and early removal and with a purpose to remain for an undetermined period, not infrequently but not necessarily combined with a design to stay permanently." And in applying a similar statute the Supreme Court of Connecticut

in Morse v. Lash Motor Co., Inc., 107 Conn. 137, 139 A. 637, 638, said: "For the purposes pertaining to registration of motor vehicles a person may be a resident of more than one state." In Bigham v. Foor, 201 N.C. 14, 158 S.E. 548, in applying a similar statute authorizing substituted service on non-residents, the court found the defendant to be a non-resident within the meaning of the statute but the facts are quite dissimilar to the instant case.

It is doubtless true that for certain purposes a citizen of a particular state required by Government service, whether civil or military, to be in another State does not lose his original citizenship even though actually long absent from his own state, and that was doubtless the situation here with regard to Lieut. Pickton who, it may be assumed, retained his citizenship in the State from which he came and did not acquire citizenship in Maryland. 9 R.C.L. title Domicile, § 14, p. 551. And it may be further assumed that the defendant as his wife retained her original citizenship which was other than that of the State of Maryland. But these principles do not touch the present case where we are concerned with the proper application of the term "resident" as used in a very particular statute passed to meet a special situation.

The plaintiff's argument seeks to establish the non-residence of the defendant on the basis of the assumed non-residence of her husband. It would be difficult, however, to hold that Lieut. Pickton could have been classed as a non-resident under this statute if the accident had occurred from his use of his Maryland registered motor vehicle. See Clesas v. Hurley Machine Co., 52 R.I. 69, 157 A. 426, 82 A.L.R. 770, note; Compare Mann v. Humphrey's Adm'x, 257 Ky. 647, 79 S.W.(2d) 17, 96 A.L.R. 584. The alleged non-residence of the wife cannot therefore be based on the assumed non-residence of the husband.

The particular accident did not occur while the wife was driving her husband's locally registered automobile, but while she was driving her father's car which, it is said, was registered in California. And it does not appear whether the defendant held a local operator's license. But however these facts may be, it is not apparent that they could affect the question of the defendant's residence here. No question is raised in this case as to the sufficiency of the substituted service on the father as co-defendant.

Under the facts established, I conclude that the motion to quash the substituted service on the defendant, Elizabeth S. Pickton, must be granted. Counsel may present the appropriate order in due course.