### WOOD v. WM. B. REILLY & CO., Inc.

#### No. 263.

District Court, N. D. Georgia, Gainesville Division.

Sept. 4, 1941.

508

Wheeler, Robinson & Thurmond and E. D. Kenyon, all of Gainesville, Ga., for plaintiff.

Neely, Marshall & Greene, of Atlanta, Ga., for defendant.

**RUSSELL, District Judge.**

Alleging the defendant, a nonresident, subject to the jurisdiction of Georgia Courts by its use of the highways of Georgia in carrying on its business, and its liability because of the negligent operation of an automobile by its salesman engaged at the time within the scope of his employment and while carrying on the defendant's business, plaintiff, proceeding under the terms of the Act of 1937, Georgia Code Section 68-801, et seq., caused this complaint to be served upon the defendant. The defendant thereafter by motion to dismiss, or in lieu thereof that service of the summons be quashed, alleges the inapplicability of the Act to the case presented.

Upon the hearing of the motion evidence was introduced and by the pleadings and the evidence is presented the question of whether a nonresident corporation becomes subject to the provisions of the above cited statute as the result of employing as a salesman a Georgia resident owning his own automobile which he is licensed by the State to operate, and which automobile he has legally registered as required by the laws of Georgia. Much discussion is had as to whether the Georgia operator is an employee or independent contractor, but the real question appears to the Court to be whether the employment by a nonresident of a Georgia citizen for sales work in Georgia when such employment contemplates the use of such resident's duly licensed and registered automobile in the conduct of the nonresident's business is sufficient to bring such nonresident within the terms of the statute in question in a suit seeking recovery for injuries inflicted by such employee in the operation of his automobile while engaged in his sales duties.

The statute provides: "The acceptance by any nonresident of this State, whether a person, firm, or corporation, of the rights and privileges conferred by the laws now or hereafter in force in this State, permitting the operation of motor vehicles as evidenced by the operation of a motor vehicle by any such nonresident on the public highways, streets of any incorporated or unincorporated municipality or public roads of this State, shall be deemed equivalent to the appointment by such nonresident user of said highways, streets or public roads of the Secretary of the State of Georgia, or his successor in office, to be his true and lawful attorney in fact upon whom may be served all summonses or other lawful processes in any action or proceeding against any such user, growing out of any accident or collision in which any such nonresident user may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on any such highways, streets, or public roads in said State, and said acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served upon him personally," section 68-801 and further provides for venue and proper continuances, etc., not now material.

Considering the statute in the light of the evil sought to be remedied, and the history of similar legislation in other States, and in view of well established legal principles applicable to the construction of such statutes, it is concluded that it was not the aim of the law makers, and certainly none is expressed, to provide that so indirect an acceptance by the nonresident of the rights and privileges conferred by the laws of this State permitting the operation of motor vehicles as follows from the employment of a duly licensed and registered resident owner results in the equivalent appointment of an agent for service.

The evil sought to be remedied by such statutes became of serious extent with the rapid and increased expansion and im-

provement of highways and the consequent increase in the number of motor vehicles operated thereon. As a result the State found its citizens constantly subjected to injuries as a result of the operation of automobiles of nonresidents who, passing on and into the State of their residence, forced the local citizen to there litigate in a forum frequently so difficult and inconvenient to reach as that practical considerations absolutely barred recovery for such injuries.

Thus statutes were enacted exercising the power of the State to license all motorists (Hendrick v. Maryland, 235 U.S. 610, 622, 35 S.Ct. 140, 59 L.Ed. 385), then the requirement of the formal appointment by the nonresident of an agent to receive service (Kane v. New Jersey, 242 U.S. 160, 37 S.Ct. 30, 61 L.Ed. 222), and more recent statutes providing the equivalent of a formal appointment as the consequence of the mere operation of a motor vehicle. Hess v. Pawlowski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091. The basis of constitutional validity apparent from these and all similar cases is the right of the State by the exercise of its police power to prescribe regulations necessary for the public safety and order in the operation of motor vehicles. The Georgia statute is necessarily directed at the identical evil sought to be cured by the legislation of other States and is likewise predicated upon the same constitutional basis. Thus it evidences no intention to enlarge jurisdiction or venue upon considerations of nonresident master and resident servant, or to evidence the imposition of the sanction of substituted service in case of the employment by a nonresident of a resident licensed and registered owner of an automobile.

To meet the incompleteness of protection of some statutes made evident by decisions of the type of Morrow v. Asher, D.C.Tex., 55 F.2d 365, Wood v. White, 68 App.D.C. 341, 97 F.2d 646, Hartley v. Utah Construction Co., 9 Cir., 106 F.2d 953, and Commonwealth of Kentucky v. Maryland Casualty Co., 6 Cir., 112 F.2d 352, it is provided that such nonresident operator or user shall be thus subjected to suit for any collision in which he may be involved by reason of the operation "by him, for him, or under his control or direction, express or implied." Such a case is that relied on by plaintiff of Jones v. Pebler, 371 Ill. 309, 20 N.E.2d 592, 125

A.L.R. 451, but in which it clearly appears that it was a nonresident automobile and in that case operated by a nonresident agent. But the "equivalent appointment of an agent" by which jurisdiction to assert such liability is obtained is not enlarged by such provisions and under the statute remains dependent upon the acceptance by a nonresident of the rights and privileges conferred by the State Laws permitting the operation of motor vehicles, which it is provided must be evidenced by the operation of a motor vehicle by such nonresident.

The consequences of the statute result from direct acceptance by the nonresident of the rights conferred by the laws permitting the operation of motor vehicles, and not from the right of employment of a licensed resident owner of a Georgia registered automobile. In the case of such owner, even if employed by a nonresident, the acceptance of the rights and privileges relating to the operation of motor vehicles is had by such resident, and his employer accepts no right or privilege concerning motor vehicles and uses, not the highways, but the rights and privileges granted to the resident, thus a mere indirect and incidental use of the highways no more extensive than employing a local citizen who is authorized to use the highways not only in behalf of the nonresident employer but in any other legal manner.

Such resident owner licensee and operator is in all respects subject to the control by the State of the use and safety of its highways, and the statute under consideration evidences no intention to employ State regulatory power to the second degree. As between nonresident corporate and nonresident individual employers the construction contended for by plaintiff might result in anomalous situations. Flexner v. Farson, 248 U.S. 239, 39 S.Ct. 97, 63 L.Ed. 250, cited in Hess v. Pawlowski, supra. Without regard to the rule of strict construction applicable to such a statute (Morrow, Wood, Hartley, Kentucky cases, supra), the terms of the statute are not broad enough to evidence an intention to include a case such as the present. Kirchner v. N. & W. Overall Co., D.C.S.C., 16 F.Supp. 915; Clesas v. Hurley Machine Co., 52 R.I. 69, 157 A. 426; O'Tier v. Sell, 226 App.Div. 434, 235 N.Y.S. 534; Uda v. Yale Upholstering Mfg. Co., 229 App.Div. 842, 242 N.Y.S. 862; Brassett v. United States F. & G.

510

Co., La.App., 153 So. 471; Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., Vol. 9, § 5913.

The Court has not had the benefit of any Georgia decision directly in point but the rulings announced in Lowe v. Roberts, 59 Ga.App. 890, 2 S.E.2d 748, Grimmett v. Barnwell, 184 Ga. 461, 464, 192 S.E. 191, 116 A.L.R. 257, as well as the discussion in Loyd Adams, Inc. v. Liberty Mutual Insurance Co., 190 Ga. 633, 10 S.E.2d 46, tend to support the construction of the statute here set forth.

The motion of the defendant to set aside the service of summons will be granted.