**D. Earl WOLF, Appellant,**

v.

**Hannah S. WOLF, Appellee.**

No. 2557.

Municipal Court of Appeals for the District of Columbia.

Argued May 23, 1960.

Decided July 29, 1960.

Harvey C. Beavers, Washington, D. C., for appellant.

James T. McNelis, Washington, D. C., for appellee. Alfred F. Goshorn, Bradenton, Fla., also entered an appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

The question presented on this appeal is whether appellant, suing in the District of Columbia for an annulment of his marriage to appellee, may collaterally attack a Maryland divorce decree which dissolved appellee's marriage to her former husband. The trial court held that under the facts of this case the collateral attack could not be allowed. For reasons hereafter stated we agree with the trial court.

The facts are that appellee on July 3, 1957, was granted a divorce from her former husband by the Circuit Court for Allegany County, Maryland. In that proceeding appellee's then husband filed an answer and was represented by counsel although he did not actively contest appellee's claim. Appellant was aware of that proceeding and in fact paid appellee's attorney for securing the divorce. In the month following the divorce appellant and appellee were married in Montgomery County, Maryland. More than a year later appellant brought the present action for annulment on the ground that when he married appellee she was not legally divorced from her former husband. At trial appellant offered evidence tending to show that in securing her divorce in Maryland appellee falsely represented that she was a resident of Maryland when in fact she was a resident of the District of Columbia.

Under the holdings of the Supreme Court the Maryland divorce decree is entitled to full faith and credit in the District of Columbia as both parties to that decree personally participated in the proceeding and there was full opportunity to contest the jurisdictional issue of residence.[1] And, as we read the Supreme Court cases, a stranger to that decree, such as appellant, may here collaterally attack the decree only to the extent that he would be permitted to make such attack in Maryland. Thus

1. Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146; Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552; Coe v. Coe, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451; Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 1097, 92 L.Ed. 1429.

our question is whether Maryland would permit appellant to collaterally attack the decree of divorce.[2]

We have found no Maryland authority indicating that either the parties or a stranger to a judgment or decree of a court of that state may by way of collateral attack relitigate any issue in the case. Indeed, the authorities appear quite to the contrary. In Kruse v. Kruse, 183 Md. 369, 37 A.2d 898, 900, 901, it was said:

"* * * A judgment or decree of a court having jurisdiction of the subject and the parties cannot be re-examined by the same parties in another suit. It is conclusive upon them of all questions put in issue by the pleadings. (Citations.) Until set aside by the court which rendered it, or reversed upon appeal, the judgment or decree is final and conclusive of the questions decided."

In Ewald v. Ewald, 167 Md. 594, 175 A. 464, 466, where a second husband sought an annulment on the ground that his wife's divorce from her first husband was void because of her lack of jurisdictional residence, the court said:

"* * * The question with which we are concerned in this case is whether the decree of the circuit court dissolving a Maryland marriage for a cause arising in Maryland should be nullified because additional evidence, produced twelve years later, has convinced another chancellor that the decree was erroneous in its determination of the jurisdictional fact of residence. The record fails to present any reason which seems to us adequate for such a review and rescission of the decree thus challenged. It was passed by a court having the power and duty to decide as to the existence of its jurisdiction over the case, and its unap-

pealed decision of that question should not be subject to avoidance under such conditions as those which this case presents."

 Our conclusion is that appellant would not be permitted to collaterally attack the divorce decree in Maryland and consequently he may not collaterally attack it here.

Affirmed.

2. We are not here concerned with the question of the extent to which Maryland will permit collateral attack by one of its residents on a foreign divorce decree.

See Brewster v. Brewster, 207 Md. 193, 114 A.2d 53; Colby v. Colby, 217 Md. 35, 141 A.2d 506; Gregg v. Gregg, 220 Md. 578, 155 A.2d 500.