## No. 17,390.

### WARWICK *v.* DISTRICT COURT OF THE CITY AND COUNTY OF DENVER ET AL.

(269 P. [2d] 704)

Decided April 12, 1954.

Messrs. WOOD & RIS, for plaintiff.

Mr. EDWARD E. PRINGLE, Mr. WALTER F. SCHERER, for defendants.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ON a petition for an order against the district court of the City and County of Denver to show cause why it was exercising jurisdiction of the person under a summons issued on a complaint in an automobile accident, in which complaint it was alleged that defendant at the time of the accident was a nonresident of the state, and service of said summons was had upon defendant in the State of California, in compliance with section 48, chapter 16, '35 C.S.A., as amended by the Session Laws of 1937, page 323, sections 1 to 4, the writ was issued March 12, 1954, and answer and return has been made.

The sole question involved in the cause is the correctness of the ruling of the trial court made on the special appearance of defendant by a motion to quash the summons, which was denied. That the procedure followed was in compliance with the statute is not in dispute, and the burden was upon plaintiff to show that defendant was a nonresident of the State of Colorado at the time of the accident. While this question of fact was determined adversely to defendant, from a review of the record as made before us, we believe the trial court misinterpreted the statute in its application to facts presented and in effect, contrary to the well-reasoned opinion of our Court in the case of *Carlson v. District Court of Denver,* 116 Colo. 330, 180 P. (2d) 525, in which the statute involved was thoroughly discussed and interpreted, and, in our opinion, controlling in the matter at bar.

In addition to the controlling question herein indicated, counsel for respondent insist that under Rule 116 R.C.P. Colorado, this writ should not have issued, because the matters involved are not of great public importance, and moreover, petitioner did not so allege in his application for the writ. Such allegation is wholly unnecessary when a showing is made, as provided in the

rule, that the court was proceeding without, or in excess of, its jurisdiction.

Plaintiff in error, defendant in the trial court, supported his motion to quash by an accompanying affidavit, the material substance being as follows: That on March 7, the date of the accident, he was a resident of the City and County of Denver, Colorado; that he moved to Colorado on October 9, 1950, and remained here until after the accident on March 7, 1951, except for trips away from Denver in connection with his employment, which was as a member of the Denver Hockey Club; that said employment, under contract of hire, required him to give up his residence away from Colorado; that on the date of the accident he had no residence elsewhere; that at that time he had no intention of leaving Denver, but planned to remain for an indefinite period; that he resided at 517 South Dale Court, Denver, Colorado, at the time of the accident and for some months prior thereto. His contract of employment was for the season of 1950 and 1951, expiring March 15, 1951. He filed his federal income tax return due March 15, 1951, with the Collector of Internal Revenue in the district of his residence, that of Denver, Colorado, in which he gave the above address; that in like manner he filed state income tax return as a resident of the state; that he obtained a 1951 Colorado automobile license issued to him at the above address; and further, on the same facts, was issued a driver's license; and it further is shown in the record that due to inability to obtain employment here he left the State of Colorado on March 21, 1951. It appears that at the time of his employment as above stated, a part of the consideration was the payment of the traveling expenses for himself and wife to Denver and return to California.

Counter affidavit was filed in which there is no substantial denial of the facts contained in defendant's affidavit, and anything of a contrary tendency therein is in the general nature of conclusions. In no sense of the

word could defendant be brought within the class aimed at by the statute, that of being a person definitely residing in other states or elsewhere, motoring in the State of Colorado or enjoying a sojourn within its borders. It is neither the intent nor purpose of the statute. Defendant was a resident of the State of Colorado at the time of the accident. The fact that he left the state approximately two weeks after the accident is in nowise conclusive against his residence. That easily could occur in the case of a lifelong resident of the state — leaving shortly after an accident. This action was not filed until sixteen months after the date of the accident, that is, as of July 7, 1952, and no reason is disclosed for the delay.

The material part of the statute above cited is as follows: "The operation by a non-resident of a motor vehicle on a public highway in this state shall be deemed equivalent to an appointment by such non-resident of the secretary of state to be his or its true and lawful attorney, upon whom may be served all lawful civil processes in any actions or proceedings against him or it, growing out of any accident or collision in which such non-resident may be involved while operating a motor vehicle on such public highway; and such operation shall be deemed a signification of such agreement that any such process against him or it which is so served shall be of the same legal force and validity as if served on such non-resident personally within the state."

 The provisions of the above statute were intended to, and do, clearly indicate that whenever a resident of some other state crosses the border line into the State of Colorado, whether on a drive across the country, or for a short sojourn, he has subjected himself to the provision of the statute, and by such entry, made the secretary of state his true and lawful attorney upon whom service may be had if the person is involved in any accident or collision upon the public highway while operating a motor vehicle thereon. If the time involved is only one hour or less in crossing a corner of the state,

or into and out thereof, such appointment is in full force and effect. The reason for such a statute obviously is for the protection of persons within the border who may have reason to enforce liability upon the person so entering the state and using the highways thereof. Such a provision is not necessary, and does not apply to a person entering the state for the purpose of residing here in connection with an employment within the state, as obtains from the facts herein disclosed. For all purposes here material, the person so situated and residing within the state is in the same class as lifelong residents, and if such person is involved in an accident in this state and leaves the state shortly thereafter, it is immaterial. Surely, under the facts here presented, defendant was not just a visitor in the state, but he was here under such circumstances that it could be lawfully presumed that he had an intention of residing here. Defendant herein, under oath, stated that he had an intention of making Colorado his permanent home. It cannot logically be contended that he was "temporarily" here as the word is used in the controlling case of *Carlson v. District Court, supra.* It required more competent evidence on the part of plaintiff herein than was produced, to meet the burden of establishing defendant's nonresidence at the time of the accident. A similar situation is aptly illustrated in the above cited case, and, since there is no material fact that is disputed, the trial court's finding does not preclude our determination. Applying the above statute and the decision of our Court in *Carlson v. District Court, supra,* we determine, and hold, that defendant was not subject to the substituted service of process herein relied upon, and the trial court was, and is, without jurisdiction over the person of defendant.

For the reasons herein advanced, the rule to show cause is made absolute.