No. 17,272.

CLARK *v.* REICHMAN.
(275 P. [2d] 952)

Decided November 1, 1954.   Rehearing denied November 22, 1954.

Mr. RICHARD S. FARR, Mr. THOMAS B. WILKINS, for plaintiff in error.

Mr. PAUL M. CLARK, Mr. LAWRENCE M. WOOD, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

In the trial court plaintiff in error was plaintiff and defendant in error was defendant. We shall refer to the parties as they there appeared. On March 30, 1953 plaintiff filed his complaint alleging that on January 27, 1952 he was struck down by an automobile driven by defendant and bearing a South Carolina license plate. He alleged injuries received in the accident and demanded damages therefor. On January 27, 1952 defendant was a member of the Armed Forces of the United States, stationed and assigned to Lowry Field, adjacent to Denver, Colorado. On March 31, 1953 summons in said action was served upon the Secretary of State of Colorado as agent for the service of process pursuant to Section 48 (1), chapter 16, '35 C.S.A., 1937 supplement. Defendant received a copy of such process by registered mail on May 7, 1953 at Sumter, S.C.

Defendant, appearing specially, moved the court to quash the service of summons, asserting that at the time of the accident complained of he was a resident of Colorado. In support of this motion defendant filed his affidavit in which he stated he was at the date of the accident a resident of Colorado, residing at 1665 Valentia Street in Aurora, Colorado, and that he was then on military duty; he further asserted "That at the time of said accident, it was the affiant's intention to make his home in Colorado so long as his military duties should permit, and that he brought his family to Colorado to be with them for that purpose. That from January 27, 1952 until May 15, 1952 the affiant was always readily available in the State of Colorado for personal service of summons." An affidavit sworn to by counsel for plaintiff was filed asserting that defendant was a "nonresident of the State of Colorado at the time of the occurrence of the accident * * * and was driving a motor vehicle bearing a South Carolina license, and that such

license was issued to the defendant, David M. Reichman by the State of South Carolina." The motion to quash service was sustained, and the action was dismissed. The dismissal was either at the suggestion of, or acquiesced in by, plaintiff's counsel. Plaintiff brings the cause here by writ of error.

At the hearing on the motion to quash, certain witnesses were examined. Plaintiff produced John F. Healy, Deputy Director of the Department of Revenue of the State of Colorado, as a witness. We gather from the record that he brought with him, pursuant to subpoena, certain records of the Department of Revenue relating to the accident out of which this case arose. When questioned by counsel for plaintiff, Mr. Healy himself raised the question of the confidential nature of the reports filed pursuant to chapter 16, '35 C.S.A. The court then ruled that under section 183 of said chapter 16, defendant's report of the accident filed in compliance with section 43 (1) of said chapter 16 was inadmissible. Counsel for plaintiff then made an offer of proof of what he intended to show from the report in question, such information to include defendant's name; address on the report; the vehicle license description, and the name of the insurance company which issued a liability insurance policy. It will be noted that the offer of proof did not indicate defendant's address as given in the report, the license description, or the name of any insurance company.

Section 183 of chapter 16, supra, provided that, "All required accident reports and supplemental reports shall be without prejudice to the individual so reporting and shall be for the *confidential use* of the department, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or where such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish

upon demand of any person who has, or claims to have, made such a report or, upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirement that such a report be made to the department." The trial court properly excluded this evidence.

The provisions of section 183 of chapter 16 are based upon a declared public policy announced by the General Assembly. Public policy, requires that motorists be encouraged to make full and frank compliance with the requirement for filing the reports under the Uniform Motor Vehicle statutes, and makes any information therein contained unavailable for use except by the department, and the limited exceptions embraced in section 183, supra.

We perceive no error in the ruling of the trial court in excluding reports.

Mary Mulligan, owner of a property at 1665 Valentia Street, Aurora, Colorado, testified that on February 15, 1952 defendant and his wife rented a furnished apartment at her property; that they remained there until May 15, 1952, together with their infant daughter. She testified defendant told her his "home base" was Fort Sumter, and that when he left he went back to Shaw Air Force Base at Fort Sumter. She also testified that defendant told her he intended to stay in Colorado "Until his schooling was finished at Lowry, or other orders."

A witness employed by a local automobile agency testified that on May 2, 1952 he sold a new automobile to defendant and no charge was made for sales tax on the car because the car traded in was licensed in South Carolina and that defendant told the witness "he was a resident of this Shaw Air Force Base, Sumter, South Carolina." A chattel mortgage on the new automobile executed by defendant, and offered in evidence, designated defendant's "home address" as the Shaw Air Force Base.

█ It will be noted that the transaction involving the new automobile took place on May 13, 1952 just two days before defendant departed the State of Colorado. This evidence was of no probative value in establishing the residence of defendant at the time of the accident.

In *Warwick v. District Court*, 129 Colo. 300, 269 P. (2d) 704, we find the following pertinent statements which apply to the case before us: "In no sense of the word could defendant be brought within the class aimed at by the statute, that of being a person definitely residing in other states or elsewhere, motoring in the State of Colorado or enjoying a sojourn within its borders. * * *

"The provisions of the above statute were intended to, and do, clearly indicate that whenever a resident of some other state crosses the border line into the State of Colorado, whether on a drive across the country, or for a short sojourn, he has subjected himself to the provision of the statute, and by such entry, made the secretary of state his true and lawful attorney upon whom service may be had if the person is involved in any accident or collision upon the public highway while operating a motor vehicle thereon. * * * The reason for such a statute obviously is for the protection of persons within the border who may have reason to enforce liability upon the person so entering the state and using the highways thereof. Such a provision is not necessary, and does not apply to a person entering the state for the purpose of residing here in connection with an employment within the state, as obtains from the facts herein disclosed. For all purposes here material, the person so situated and residing within the state is in the same class as lifelong residents, and if such person is involved in an accident in this state and leaves the state shortly thereafter, it is immaterial. Surely, under the facts here presented, defendant was not just a visitor in the state, but he was here under such circumstances that it could be lawfully presumed he had an intention of remaining

here. Defendant herein, under oath, stated he had an intention of making Colorado his permanent home."

In the Warwick case, supra, the rule to show cause was made absolute, for we concluded that one who came here as a hockey player under contract, and departed the state shortly after an automobile accident, was not one "temporarily" here as that word is used in *Carlson v. District Court of City and County of Denver,* 116 Colo. 330, 180 P. (2d) 525.

In the instant case defendant was in the United States Army. True, he was under and subject to military orders. He maintained residence off the military base.

The statute here under consideration was not intended to reach an actual resident, but was enacted to provide a means of bringing before the local court a nonresident transient motorist who is here today and gone tomorrow. The mischief which was intended to be overcome by the statute was obviously the difficulty of effecting service of summons in the usual way within the state upon transient motorists or nonresidents who are only temporarily within our borders.

As was said in *Suit v. Shailer,* 18 F. Supp. 568: "But no such condition existed in this case where the defendant was actually residing within the State for two years before the wrong complained of, and for more than a year thereafter. * * * Looking at the evident purpose of the Maryland statute and the mischief to be remedied, it seems apparent that the plaintiff's contention puts an artificial and strained construction upon the term 'non-resident.' * * *"

Our conclusion is amply supported by our holding in *Carlson v. District Court, supra; Johnson v. Jacoby,* 195 F. 2d 563; *Suit v. Shailer, supra; Colon v. Pennsylvania Greyhound Lines,* Inc., 27 N.J. Super, 280, 99 A. 2d 181; *Uslan v. Woronoff,* 18 N.Y.S. 2d 222; *United Services Automobile Ass'n v. Harman;* (Tex. C.C.A.) 151 S.W. 2d 609.

A resident is a person who has a dwelling house or

usual place of abode within a state where process may be served upon him. His status in this regard is to be determined as of the date of the accident. In the usual case contemplated by the statute, the motorist is a transient either just passing through the state, or, if he lingers, has taken temporary lodging in a hotel or other place of abode and the facts show that he plans to stay for an indefinite period, such motorist is a resident and not a non-resident.

The term "residence" in a statute requiring registration of motor vehicles was defined in *Jenkins v. North Shore Dye House, Inc.* 277 Mass. 440, 178 N.E. 644, as follows: " 'Residence' means in general a personal presence at some place of abode with no present intention of definite and early removal and with a purpose to remain for an undetermined period, not infrequently but not necessarily combined with a design to stay permanently."

In construing the Act here under consideration we must not confuse the domicile of the defendant with his residence. A party may be a resident of a given governmental subdivision at the same time he is domiciled in another political subdivision. As was said in *Johnson v. Jacoby, supra:* "One may be a resident of the District for the purposes of the Act, even though domiciled elsewhere. Although Jacoby may have been domiciled in New York on April 24, 1945, as his use of New York license plates may tend to indicate, he actually resided in the District of Columbia from December 31, 1943, until early in January, 1946. He had lived in the District for more than fifteen months before the accident and continued to live here more than eight months after it occurred. There is nothing in the case to indicate that he would not have been amenable to service of summons in the ordinary way at any time within eight months after the accident."

To hold under the facts of this case that defendant was a nonresident would be an interpretation not at all in keeping with the purpose for which the statute was

adopted. This legislative enactment was designed to reach those motorists not residing in this state, who, because of the temporary length of their stay here, could not be personally served with process within a reasonable period after the accident occurred.

The substituted service provided for by chapter 92, S.L. '37, is foreign to the common law. We have uniformly construed the class of defendants to whom this substituted service applies in strict accord with the manifest purpose intended to be accomplished by the statute. This substituted service does not apply to the person who is employed here, who makes a home for himself and his family here, and who during a reasonable period of time is available for personal service of process. The defendant in the instant action was not a "transient motorist who is here today and gone tomorrow."

The trial court afforded plaintiff every opportunity to show that defendant was a nonresident, and found from the evidence before it that defendant was not a nonresident within the meaning of the statute. There is ample competent evidence in the record to support this finding.

Perceiving no prejudicial error in the record, the judgment is affirmed.

CHIEF JUSTICE STONE not participating.