289 P.2d 331

Howard C. TEAGUE, Plaintiff,

v.

The DISTRICT COURT of the THIRD JU-
DICIAL DISTRICT in and for SALT
LAKE COUNTY, State of Utah and M.lton
C. Brandon, Defendants.

No. 8232.

Supreme Court of Utah.

Aug. 5, 1955.

148

Skeen, Thurman, Worsley & Snow, H. G. Christenson, Salt Lake City, for plaintiff.

Frank E. Moss, County Attorney, Dwight L. King, Salt Lake City, for defendants.

McDONOUGH, Chief Justice.

Original proceeding seeking an order permanently prohibiting the District Court from proceeding with a case entitled Milton C. Brandon, Plaintiff, v. Howard C. Teague, Defendant, Civil No. 99973. Plaintiff Teague is defendant in that action and service of process was made upon the Secretary of State under the Non-Resident Motorist Act. He claims he was not a "non-resident motorist" within the meaning of that Act and brings the matter before this court in accordance with Utah Rules of Civil Procedure, rule 65B, U.C.A.1953, Title 78.

On October 2, 1953, a summons and a copy of the complaint were filed with the Secretary of State to obtain substituted service upon Teague under U.C.A.1953, 41–12–8:

"The use and operation by a nonresident or his agent of a motor vehicle upon and over the highways of the state of Utah shall be deemed an appointment by such nonresident of the secretary of state of the state of Utah, to be his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him growing out of such use or operation of a motor vehicle over the highways of this state resulting in damages or loss to person or property and said use or operation shall be a signification of his agreement that any such process shall, in any action against him which is so served, be of the same legal force and validity as if served upon him personally. Service of such process shall be made by serving a copy thereof upon the secretary of state or by filing such copy in his office together with payment of a fee of $2 and such service shall be sufficient service upon the

said nonresident provided, that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant at his last known address and that the plaintiff's affidavit of compliance with the provisions of this act are attached to the summons."

Teague appeared specially to quash the service of summons. He apparently had received actual notice of the service at his address in North Carolina. However, the affidavit of compliance declared his last known address as Deseret Chemical Depot, Tooele County, Utah, and a copy of the complaint and summons were sent there by registered mail. The affidavit submitted by Teague's attorney states that he was stationed at the Depot at the time of the accident giving rise to the action, August 8, 1952, as a member of the Armed Forces and that he could be there located for personal service for a period of "many months prior to" and "many months following" the accident. An accident report signed by an investigating officer of the Utah State Highway Patrol was introduced for the purpose of showing that Teague's automobile carried North Carolina license plates at the time of the accident. Beyond this evidence there is nothing further bearing upon the residence or nonresidence of defendant. The District Court denied Teague's motion to quash; he now seeks to prevent that court from proceeding in the trial of the case, claiming lack of jurisdiction over his person.

▆▆ No contention is made by Brandon, defendant here, that the controlling time determinative of the application of the Non-Resident Motorist Act is the time of service of process. It is clear from the overwhelming majority of cases and the wording of the statute itself that the utilization of this method of service depends on whether or not defendant was a nonresident at the time the injury giving rise to the cause of action occurred, and his residence or nonresidence at a time subsequent thereto is immaterial. See 61 C.J.S., Motor Vehicles, § 502(4); Wood v. White, 68 App.D.C. 341, 97 F.2d 646; Kurland v. Chernobil, 260 N.Y. 254, 183 N.E. 380. However, Brandon's complaint alleged merely that "defendant, Howard C. Teague, is a nonresident of the State of Utah (emphasis added)" and contains no allegation as to his nonresidence at the time of the accident. This, of course, is not fatal error nor basis for the issuance of a Writ of Prohibition inasmuch as Rule 15 of the Utah Rules of Civil Procedure, U.C.A.1953, Title 78, provides for liberal amendment of pleadings, even after judgment, and particularly to conform to the evidence.

An issue of fact, i. e. whether or not Teague was a resident at the time of the accident, was joined at the hearing on the question of jurisdiction and therefore, on that issue, under our Rules, the pleading

was capable of amendment. Therefore, if there was competent evidence upon which the trial court could have found Teague to be a nonresident, the judgment here must be a denial of the relief sought.

Although there is no requirement in our statute that plaintiff must set forth in his complaint or affidavit the facts giving rise to the conclusion that defendant was a nonresident, cases from other jurisdictions hold that when the service is attacked, plaintiff must present evidence as to that allegation. Welsh v. Ruopp, 228 Iowa 70, 289 N.W. 760; Pendy v. Cole, 211 Iowa 199, 233 N.W. 47; Carlson v. District Court, 116 Colo. 330, 180 P.2d 525; Warwick v. District Court of City & County of Denver, Colo., 269 P.2d 704; Rompza v. Lucas, 337 Ill.App. 106, 85 N.E.2d 467. As stated in Welsh v. Ruopp [228 Iowa 70, 289 N.W. 762], supra:

> " * * * it is apparent that upon attack by special appearance and motion to quash, a showing was required of the facts essential to jurisdiction. * * * One of such basic jurisdictional facts was the nonresidence of the defendants at the time the use and operation of the vehicle allegedly caused the damage upon which the suit was based. Nonresidence at the time of the accident was required. Jurisdiction over defendants who were residents of Iowa at the time of the automobile accident and who later became nonresidents could not be secured by this special method of substituted service.

> Nor may such nonresidence at the time of the accident be assumed."

■ Recognizing that, in all probability, the controlling facts upon which residence within the state might be based may be only within the knowledge of the defendant in an action of this type, we hold that the plaintiff attempting to use this method of substituted service must, *upon challenge*, prove a prima facie case that defendant is a nonresident.

Whether or not Brandon has made such a showing depends upon the effect to be given to the following evidence: (1) Teague was a soldier stationed in Utah at the time of the accident, (2) The automobile involved in the accident bore North Carolina license plates.

■■ This court might take judicial notice of the fact that a soldier is subject to transfer at any time and that his presence in any one place will probably be temporary. We have no other facts before us as to whether he established actual living quarters here, whether he brought any family to Utah, or whether he accumulated any of the indicia of some degree of permanency, such as bank accounts, telephone listings, charge accounts, etc. Likewise, we have no evidence that he had a permanent residence, a home or place of abode elsewhere or that he ever claimed a residence other than Utah. The importance of such facts in a determination of residence is indicated by the opposite results reached in cases involving

persons on temporary assignment and subject to removal: Suit v. Shailer, D.C., 18 F.Supp. 568; Johnson v. Jacoby, 90 U.S. App.D.C. 280, 195 F.2d 563; Carlson v. District Court, supra; Clark v. Reichman, Colo., 275 P.2d 952, all holding that such a person was not a nonresident within the meaning of the statute. United Services Automobile Association v. Harman, Tex. Civ.App., 151 S.W.2d 609, certiorari denied 315 U.S. 807, 62 S.Ct. 640, 86 L.Ed. 1206; Briggs v. Superior Court of Alameda County, 81 Cal.App.2d 240, 183 P.2d 758, holding under different facts that military personnel temporarily within the state were nonresidents.

■ Without considering whether or not the accident report showing that Teague's automobile had out-of-state license plates was competent evidence, we hold that such a fact alone would not be sufficient to establish that the driver was a nonresident. Carlson v. District Court, supra, Suit v. Shailer, supra.

■ We have not been cited to a case holding that such scant evidence as we have here before us was sufficient to support a finding of nonresidence, and since the element of jurisdiction is necessary to Brandon's case, the failure of proof must lie with him. The trial court erred in denying the motion to quash; hence, the alternative writ heretofore issued will be made permanent. Costs to plaintiff.

CROCKETT and WADE, JJ., concur.

WORTHEN, J., concurs in the result.

HENRIOD, Justice.

I concur in the result. I do not believe, however, as the main opinion asserts, that this court might take judicial notice of the fact that a soldier's presence at any one place will be temporary, and taking such notice is not justified, I believe, by any decision of this court or under the provisions of Title 78–25–1, U.C.A.1953, dealing with matters of which the courts may judicially notice.

Although they are factors to be considered in every case, those listed by the main opinion as pointing to residency are not so significantly applicable to soldiers as to other persons, since the former seldom establish quarters themselves, and almost never have bank or charge accounts, or telephone listings in their own names.

It is my opinion that the statute for substituted service involved in this case, very carefully should be administered, since, admittedly designed to protect our own residents against transient hit-run non-residents, it could be used as an instrument for oppression if one having a poor or unmeritorious case could refrain from serving process personally, having ample opportunity so to do, and then wait until he reasonably is sure the defendant is far and away, and unable to return and defend himself, before substituted service is accomplished.