299 P.2d 1113

Milton C. BRANDON, Plaintiff and Appellant,

v.

Howard C. TEAGUE, Defendant and Respondent.

No. 8473.

Supreme Court of Utah.

July 31, 1956.

4. Dow v. United States, for Use and Benefit of Holley, supra [154 F.2d 710].

Rawlings, Wallace, Roberts & Black, Dwight L. King, Salt Lake City, for appellant.

Skeen, Worsley & Snow, Salt Lake City, for respondent.

CROCKETT, Justice.

This case is sequel to Teague v. District Court [1] wherein this court restrained further proceedings because no jurisdiction had been acquired over the defendant Teague. The original action was commenced by Brandon against Teague for injuries suffered when the automobile in which Brandon was riding with Teague ran off the highway. Teague was in the Army and was living at the Deseret Chemical Depot, Tooele County, Utah, but prior to the commencement of the action had gone to North Carolina.

[1]. Teague v. District Court, 4 Utah 2d 147, 289 P.2d 331.

■ Service of summons was attempted upon Teague as a nonresident under the provisions of Sec. 41-12-8, U.C.A.1953, (commonly called the Nonresident Motorist Act) by serving the Secretary of State and by mailing as provided therein. A motion was made on Teague's behalf to quash service of summons, which was denied. He then sought a writ in this court, attacking the sufficiency of proof that he was a nonresident. This court sustained his position and made permanent a writ prohibiting the district court from proceeding "until such time as jurisdiction of the defendant is acquired." The fact that service of summons on Teague should have been quashed obviously would not preclude subsequent attempts to make a correct service either in the instant action or in a new one.

Brandon did not elect to make any other attempt to obtain service upon Teague in the first action, but commenced a new one, and made another attempt to serve him in the same manner as he had done before. Teague again moved to quash summons contending, inter alia, that the question of his nonresidence was res judicata, having been determined in the prior proceeding. Brandon took the position that he was entitled to offer further proof concerning that issue. From an adverse ruling he has appealed to this court.

■ As indicated in our prior opinion, referred to above, due to the wording of the statute, and the cases construing it, service of summons is authorized under the Nonresident Motorist Act only if a defendant is a nonresident at the time of the alleged injury.[2]

■ It is not to be doubted that in most instances, if no jurisdiction has been acquired of the person, an adjudication does not render the matter res judicata.[3] However, it will be noted that authorities cited to that effect so rule because there has been no trial upon the merits of the controversy. A clear distinction is to be made between such cases and the instant one where the question of jurisdiction itself was put in issue, tried and determined. As we said in McCarthy v. State,[4] quoting Mr. Justice Brandeis: " 'The principles of res judicata apply to questions of jurisdiction as well as to other issues' "[5]

■ The issue as to Teague's nonresidence was raised and determined on the motion to quash summons in the first action. The facts relative thereto existed, were available to proof, and the plaintiff was permitted to present all of the evidence he de-

2. Footnote 1, supra, at page 149 of 4 Utah 2d at page 332 of 289 P.2d

3. 30 Am.Jur. Judgments, Sec. 208.

4. McCarthy v. State, 1 Utah 2d 205, 265 P.2d 387, 389.

5. American Surety Co. v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 101, 77 L.Ed. 231, 86 A.L.R. 298.

sired. Thus, on the question of his non-residence, he had his day in court and that is all he is entitled to. On review, this court decided that Brandon had not established that Teague was a nonresident at the time the injury occurred, which concludes that issue. It follows, therefore, that Brandon can proceed no further unless he acquires jurisdiction of Teague by service of process in a manner other than under the Nonresident Motorist Act.

Judgment affirmed. Costs to respondent.

HENRIOD, WADE and WORTHEN, JJ., concur.

McDONOUGH, C. J., dissents.