**STATE ex rel. Samuel H. LESLIY, Jr., Relator,**

**v.**

**Honorable Robert L. ARONSON, Successor to Honorable O. P. Owen, Presiding Judge, Circuit Court of St. Louis, Missouri, Respondent.**

No. 31172.

St. Louis Court of Appeals.

Missouri.

Nov. 20, 1962.

62

Adolph K. Schwartz, St. Louis, for relator.

Bruce Nangle, St. Louis, for respondent.

FRANK W. HAYES, Special Judge.

■ This original proceeding is before this court on relator's petition for writ of prohibition filed against respondent to prohibit him from exercising further jurisdiction in this cause. Prohibition is a proper remedy to prevent the judicial person or body to which it is directed from acting in a case or proceedings in which it has no jurisdiction or acting in excess of its jurisdiction. State ex rel. Miller v. Jones, Mo.App., 349 S.W.2d 534; State ex rel. City of Mansfield v. Crain, Mo.App., 301 S.W.2d 415. Upon the filing of relator's notice, petition for the writ with exhibits and suggestions in support thereof, and notice to respondent and the filing of his suggestions in opposition thereto, and relator's reply thereto, the relator's petition was sustained and our preliminary writ was ordered issued prohibiting any further proceedings in the trial court until our final determination of the matter.

Relator alleges that one Robert Kaplan filed his petition for damages in the Circuit Court in the City of St. Louis, Missouri, on November 8, 1961; the clerk of said court issued a Pluries summons directed to

relator; said petition and summons were served on the Secretary of State of Missouri on November 14, 1961, and by him mailed to relator, 4836 Monette, Corpus Christi, Texas, on November 14, 1961, by restricted registered United States Mail and that said petition and summons were duly received by relator; on December 7, 1961, relator filed a special appearance and motion to quash the summons and return which was overruled by Honorable O. P. Owen, then presiding in division No. 1 of said court, who was succeeded by Honorable Robert L. Aronson, Judge of Circuit Court of City of St. Louis, Missouri.

The relator further alleges that the petition of Robert Kaplan alleged that "plaintiff is a resident of the State of Missouri and defendant is resident of the City of St. Louis, State of Missouri;" there is no allegation that relator was or is a nonresident of the State of Missouri nor that Robert Kaplan is a resident of the City of St. Louis, Missouri; the Sections 506.210 and 506.220, RSMo 1959, V.A.M.S., the so-called "Long Arm Statute," authorize service upon nonresident motorists who were either nonresidents of the State at the time of the accident or upon resident motorists who subsequently became nonresidents of Missouri and that plaintiff Kaplan has not by allegations or proof brought relator under either category.

In his return to our Preliminary Writ of Prohibition, respondent admitted he was successor to Judge O. P. Owen; he alleges that Robert Kaplan filed his petition for damages in the Circuit Court of City of St. Louis, Missouri, on August 4, 1961; summons was issued for relator and thereafter the Sheriff made a non est return; on September 18, 1961, an alias summons was issued and on October 27, 1961, the Sheriff made a non est return; on November 7, 1961, a pluries summons was issued directed to the Secretary of State of Missouri (copies of the summons and return of the Sheriff of Cole County, Missouri, were attached to the return). He further alleged the filing of the returned registered receipt

signed by one "Barbara Leslie" (this receipt was filed in this court during argument by leave of court); the filing of the motion to quash and the fact that it was overruled; the issuance of the preliminary writ of prohibition; that two non est returns were made on summonses directed to relator's St. Louis address and that relator was "subsequently found living in Texas" and was properly served under the "Long Arm Statute." The return also contained citations of certain authorities and argument in support of his position.

The return of respondent admits that plaintiff Kaplan's petition alleged "Plaintiff is a resident of the State of Missouri and defendant is a resident of the City of St. Louis, Missouri." There is no allegation or proof of where in the State the plaintiff resides. Respondent does not allege that relator was a nonresident at the time of the accident which is the determinating time. On the contrary, he alleges "defendant (relator) is a resident of the City of St. Louis, State of Missouri." He does not allege or prove that defendant became a nonresident after the time of the accident. He alleges without proof that the Sheriff made two non est returns on summons directed to defendant's St. Louis address. Such fact, if proven, would not be proof that defendant had become a nonresident. Proof that defendant was served by mail in Texas is not proof that defendant is a nonresident of Missouri, or a resident of Texas or that defendant was not there only temporarily. Such a fact is proof only that defendant was found in Texas. Upon the record before us, therefore, the question is, can the respondent justify service under the "Long Arm Statute" based upon the allegation by plaintiff that "defendant is a resident of the City of St. Louis, Missouri," and on the assertion that the Sheriff made two non est returns directed to relator's Saint Louis address and on the fact that relator was actually served by mail *"while found living in Texas"* without further proof that relator was a nonresident at the time the

cause of action accrued or was a resident at such time and subsequently became a nonresident?

■ Sections 506.200 to 506.320, RSMo 1959, V.A.M.S., provide for service upon the defendants in actions against nonresident motorists. Under Section 506.210, by use and operation of a motor vehicle or trailer on the public highways in this State, a nonresident motorist subjects himself to the jurisdiction of the State courts and appoints the Secretary of State of Missouri as his lawful attorney and agent upon whom process may be served in suits pertaining to such actions. Section 506.220 extends the provisions of the above sections to a person who *was* a resident of Missouri at the time the cause of action arose but who *subsequently* became a nonresident of this State. Plaintiff did not allege or prove that relator was a nonresident of the State at the time the cause of action arose. On the contrary, he alleged, relator "is a resident of the City of St. Louis, State of Missouri." He, therefore, cannot invoke the provisions of Section 506.220. Assuming plaintiff intended to invoke the provisions of Section 506.220, by alleging relator was resident of Missouri and was "found living in Texas", he has failed to allege or prove that relator subsequently became a nonresident so as to invoke that section. Here the nonresidence of relator at the time of the service was challenged by motion to quash, and plaintiff did not prove relator had become a nonresident. A plaintiff attempting to use this method of substituted service must, upon challenge, prove a prima facie case that defendant is a nonresident. Teague v. District Court of Third Judicial District In and For Salt Lake County, State of Utah & Milton C. Brandon, 4 Utah 2d 147, 289 P.2d 331, 53 A.L.R.2d 1159; Welsh v. Ruopp, 228 Iowa 70, 289 N.W. 760; Rompza v. Lucas et al., 337 Ill.App. 106, 85 N.E.2d 467.

■ The fact that relator was a resident of the City of St. Louis, Missouri, and later was served by mail "while found living in Texas", is no proof relator had subsequently become a nonresident of Missouri. For all this record shows, relator may have been out of the State temporarily for any number of reasons without ceasing to be a resident of Missouri. The statutory method of serving process on a nonresident motorist is ineffective to obtain service of process on a citizen and resident of a state while such citizen is residing temporarily outside the state or is in the armed services of the United States and stationed in another state or foreign country. Foster v. Holt et al., 237 N.C. 495, 75 S.E.2d 319; DePier v. Maddox et al., 87 Cal.App.2d 460, 197 P.2d 87; Colon et al. v. Pennsylvania Greyhound Lines, Inc. et al., 27 N.J.Super. 280, 99 A.2d 181; Berger v. Superior Court in and for Yuba County, 79 Cal.App.2d 425, 179 P.2d 600; Hughes v. Lucker, 233 Minn. 207, 46 N.W.2d 497; Carlson v. District Court of City and County of Denver et al., 116 Colo. 330, 180 P.2d 525; Warwick v. District Court of City and County of Denver et al., 129 Colo. 300, 269 P.2d 704. From the foregoing, it is obvious that respondent did not have jurisdiction over relator in the instant action.

■ Relator also contends that even if the plaintiff Kaplan had the right to invoke the provisions of the "Long Arm Statute" based on the record herein (which relator denies), that the service obtained is void and of no effect because plaintiff Kaplan did not comply with the terms of the Statute. To this we agree. The return receipt supplied at time of the argument shows that the petition and summons were not delivered and receipted for by the relator, "Samuel H. Leslie", but that they were delivered to and receipted for by "Barbara Leslie." The receipt had stamped on its face the words, "Deliver to addressee only. If refused by addressee, please indicate."

Paragraph 2 of Section 506.240 of the Act provides that the Secretary of State shall mail "a notice of such service and a copy of such process and petition" to the defendant "by restricted, registered mail,

addressed to the defendant at his last known address." Paragraph 2 of Section 506.200 defines the term "restricted, registered mail" as meaning mail carrying the endorsement "deliver to addressee only" and requiring a return receipt or statement by the postal authorities that the addressee refused to receive and receipt for such mail. These sections were construed by the Supreme Court in Banc in the case of Parker v. Bond et al., Mo., 330 S.W.2d 121. In that case, plaintiff alleged that defendant was a resident of Leesburg, Florida, and invoked the "Long Arm Statute"; summons was issued to "Jennings Smith Bond, Box 430, Route 1, Leesburg, Florida", and was served on the Chief Clerk to Secretary of State and the summons and return filed in the Circuit Court. A copy of the notice, with copy of summons attached, sent to defendant Bond, Box 430, Route 1, Leesburg, Florida, was filed together with affidavit of the Chief Clerk that the notice provided for in Section 506.270, had been mailed by restricted registered mail marked "Deliver to addressee only" and was returned marked "Unclaimed" by the postal authorities. On the basis of that service, default judgment was entered in favor of plaintiff who instituted garnishment proceedings against Georgia Casualty and Surety Company. Said company moved to quash the execution and garnishment on ground that the judgment was void because the Court had no jurisdiction of defendant Bond as there had been no valid service of process on him. The Supreme Court held the judgment void, saying, 1. c. 126:

"* * * We, therefore, hold the reasonable construction of these statutes (Sections 506.200–506.320) considered together is that service through the Secretary of State is good only if the required return receipt is filed either signed by the addressee or with a statement by the postal authorities that the addressee refused to receive and receipt for such mail; and that otherwise service on the defendant in

another state must be obtained by the method provided in Section 506.260. In short, a plaintiff may attempt notification by registered mail at any address he desires to use; but if he cannot get a receipt signed by the defendant, or with the required statement of refusal to receive on it, then he must proceed by the personal service method to get the defendant into court. It follows that there was no valid judgment against defendant Bond; that the execution and garnishment issued thereon was properly quashed; and that Williams v. Shrout, Mo.App., 294 S.W.2d 640, relied on by garnishor, must be and is overruled."

In the case at bar, the return receipt was not signed by the addressee but by "Barbara Leslie" and the Statute was not complied with and the service is void. Respondent relies on Harris v. Bates, 364 Mo. 1023, 270 S.W.2d 763, and Williams v. Shrout, Mo.App., 294 S.W.2d 640. The first case is not in point because it deals with subjecting to the jurisdiction of our courts the administrator or executor of other representatives of deceased nonresident motorists served under provisions of the "Long Arm Statute" and Williams v. Shrout, supra, was expressly overruled by Parker v. Bond, supra.

■ Respondent requests this Court to now permit an amendment of plaintiff's petition, presumably for the purpose of validating the service in question. The Court cannot do this. An amendment at this stage of the proceedings without new and proper service would avail nothing. Plaintiff may amend in the Circuit Court and obtain new service under the "Long Arm Statute" and, if the service is again *challenged* by relator, the burden will be on the plaintiff to establish by competent proof, either that the relator was a nonresident at the time the cause of action arose or was a resident at such time and subsequently became a nonresident so as to come within the

provisions of said Statute or he may adopt another method of service.

Our preliminary rule in prohibition should be and is made absolute.

It is so ordered.

RUDDY, Acting P. J., and RAY E. WATSON, Special Judge, concur.

ANDERSON, P. J., and WOLFE, J., not participating.