Bert SAWYER and Clyde Sawyer,
Plaintiffs,

v.

Le Roy TAYLOR, Defendant.

Civ. A. No. 8160.

United States District Court
D. Colorado.

Dec. 3, 1963.

Kenneth T. Colwell, Greeley, Colo., for plaintiffs.

McComb, Zarlengo & Mott, Albert E. Zarlengo, Jr., Denver, Colo., for defendant.

ARRAJ, Chief Judge.

This diversity action was filed in this Court on August 26, 1963. The controversy arises out of an automobile accident occurring in Colorado on February 16, 1961. At the time of the accident all parties were residents and citizens of Colorado. Plaintiff Bert Sawyer is now a resident and citizen of Arizona; plaintiff Clyde Sawyer, a resident and citizen of Indiana; and defendant, a resident and citizen of Louisiana. Defendant moved from Colorado approximately one month after the accident.

Defendant was served with process by service of the summons and complaint upon the Secretary of State of the State of Colorado pursuant to the provisions of C.R.S. 13-8-6, 13-8-8 as amended (Supp.1961). Defendant appeared specially and moved the Court to quash the

**556**

return of service of summons and complaint on the grounds:

1. That he was a resident of Colorado on the date of the accident and was not and is not subject to service of process under the statutes above cited, and

2. That the purported service was invalid, illegal and wholly insufficient in form and in law to constitute service. Defendant argues the two stated grounds together, and they will be so treated by the Court.

■ Substituted service of process on an individual who was a resident at the time of an accident but who was out of state at the time of service of process was held not to be within the purview of the nonresident motorist statute which was in effect at the time this controversy originally arose. See Warwick v. District Court, 129 Colo. 300, 269 P.2d 704 (1954) and Clark v. Reichman, 130 Colo. 329, 275 P.2d 952 (1954). See also Solis v. Bailey, 139 F.Supp. 842 (S.D.Tex. 1956) for collection of cases in other jurisdictions interpreting nonresident motorist statutes not to apply to residents. Accordingly, the Colorado legislature amended the statutes in April 1961 to fill this gap. The question before the Court is whether these amendments can be applied retroactively to a controversy which arose prior to their enactment. This appears to be a question of first impression in this jurisdiction, and while it would be desirable to have an expression from the Supreme Court of Colorado on it, it is our duty in the absence thereof, to construe the statutes as we think the Colorado courts would do. Clews v. Stiles, 303 F.2d 290 (10th Cir. 1960).

CRS 13–8–6 (Supp.1961) reads as follows:

"Appointment of agent by resident.—

"If a resident who is the driver of a motor vehicle involved in an accident thereafter remains away from this state for a period of ninety days, said driver shall be deemed to have appointed the secretary of state to be his true and lawful attorney upon whom may be served process in any civil action against him pertaining to such accident, and any such process served as provided in section 13–8–8 shall be of the same legal force and validity as if served on such resident driver personally within this state."

CRS 13–8–8 (Supp.1961) sets out the manner of perfecting service through the Secretary of State, who is given the responsibility of sending notice to the defendant of such service and a copy of each instrument so served by registered or certified mail.

The provisions of such statutes vary greatly from one state to another, and they have been subject to amendments in recent years to fill in the kind of gap with which the Colorado legislature was concerned here. See Jox, Non-resident Motorists Service of Process Acts, 33 F.R.D. 151 (1963). Accordingly, the question of retroactivity has arisen in other jurisdictions, and though some decisions have turned on the basis of the specific wording of some statutes, courts which have employed the same rules in dealing with similar statutes have often reached inconsistent results. See Comment, Retroactive Expansion of State Court Jurisdiction Over Persons, 63 Colum.L.Rev. 1105 (1963) and Annot., 53 A.L.R.2d 1164 (1957). The briefs of plaintiff and defendant reflect that split of authority.

■ In determining this matter, it is, of course, desirable, when possible, to ascertain the intent of the legislature. No legislative history of this act being available, we must look to the law itself for any indications of such intent. Defendant argues there are two indicia which show clearly that the statute was intended to be effective only prospectively. In the first place, defendant urges, the phrase in 13–8–6 " *  *  * said driver *shall be* deemed to have appointed the secretary of state *  *  *" is prospective in meaning and cannot be applied to events which have already occurred.

Secondly, defendant points out, Chapter 75, Section 4 of the 1961 Session Laws of Colorado specifically provides that "This act shall take effect on September 1, 1961, and shall not invalidate any service theretofore obtained in accordance with law." Defendant interprets this as a specific direction from the legislature that the act is to be applied prospectively only. We do not think these matters are necessarily to be interpreted as defendant urges. In our view they are not determinative of the issue.

Defendant's interpretation of "shall be deemed" is equivalent to futurity and hence excludes any possibility of retroactive application. Though the word "shall" of itself may be so used in specific contexts, it is not always so used. Indeed, the word utilized in various legislative contexts has been construed to mean a number of different things. See 39 Words and Phrases 111–196 (Perm. Ed.) The Colorado Supreme Court has said on at least one occasion that "[t]he presumption is that the word 'shall,' when used in a statute, is mandatory." Swift v. Smith, 119 Colo. 126, 201 P.2d 609, 614 (1949). Admittedly, the dispute there was whether the word was permissive or mandatory in intent, not whether it meant futurity. Nonetheless, it seems clear to us that "shall be deemed" in the context in which it is here used carries with it not an implication of futurity, but one of a conclusive presumption. See cases cited at 30 Words and Phrases 171 (Perm.Ed.) and 39 Words and Phrases 15 (Supp.1963). We do not think the phrase as written was intended by the legislature to connote futurity. Nor do we think that the expression of the legislature that the Act was to take effect as of several months after its passage necessarily connotes the idea that it was intended to be applied prospectively only. We think the provision can also be construed to mean merely that service after the date of passage of the statute under the old statute and before the "effective" date of the amended statute would not be invalidated —a reasonable provision to insure that actions begun before knowledge of the new statutory provisions of the statute became widespread among attorneys in the state would not be subject to dismissal. We do not read into such a savings provision any legislative intent to deny use of the new statute to actions arising before its passage. Our view in this regard is strengthened by the fact that the amended section in question was only one part of a comprehensive "nonresident motorist" act which included five other new sections and repealed four old ones. See Colo.Sess.Laws 1961, Ch. 75. The "effective" date applied to the whole act, and we think the legislative intent was to defer mandatory use of the new act for a reasonable period during which "word could get around" rather than to deny use of any part of the act to events that occurred before that date. If defendant's interpretation was applied to the entire act, insoluble problems would have been presented to counsel who filed suits concerning accidents that occurred in the interim between the passage of the act and its "effective" date, because the procedure for service was completely changed by the amendment. Accordingly, we do not think that the "effective date" provision of the act of itself connotes prospective application only.

Since the statute itself does not indicate positively one way or the other whether it is to be applied retroactively, we are brought to a general consideration of the retroactivity of legislation. The traditional rule seems to be that statutes concerning substance are to be interpreted as operating only prospectively while those concerning procedure should be construed as applying retroactively. See Note, 67 Harv.L.Rev. 1087 (1954); Comment, Retroactive Expansion of State Court Jurisdiction Over Persons, 63 Colum.L.Rev. 1105 (1963). Accordingly, if we find that this statute is procedural, by application of traditional rules we may apply it retroactively here.

Several well-reasoned decisions have found such statutes procedural inasmuch as they are not part of the law that "creates, defines, or regulates rights." Ogdon v. Gianakos, 415 Ill. 591, 114 N. E.2d 686 (1953); Steffen v. Little, 2 Wis. 2d 350, 86 N.W.2d 622 (1957); Clews v. Stiles, 303 F.2d 290 (10th Cir. 1960) (construing New Mexico statute); Gray v. Armijo, 70 N.M. 245, 372 P.2d 821 (1962). We are inclined to follow these cases. Moreover, we think that such a ruling is consistent with the legislative intent in filling an acknowledged jurisdictional gap. As one writer has pointed out, "retroactivity may be essential to remedy effectively the evil at which the legislation is directed." Comment, Retroactive Expansion of State Court Jurisdiction Over Persons, 63 Colum.L.Rev. 1105, 1112 (1963). We think that is true in the instant case.

One of the most persistent objections that has been made to the retroactive application of these statutes is that a statutory power of attorney cannot be made retroactive. The argument, in simple terms, is that it is illogical to conclude that a motorist could constructively appoint an attorney by action of law at a time when no such law was in existence. This theoretical difficulty even runs through some of the decisions which have allowed retroactive application of the statutes. In Gray v. Armijo, supra, for example, the court felt compelled to distinguish all cases which involved statutes which provided for service of process on a statutory agent impliedly appointed or agreed to by virtue of statute. Several other decisions, on the other hand, including Ogdon v. Gianakos and Steffen v. Little, cited above, met this problem directly. We think their solution is applicable to the instant case.

As pointed out particularly in Steffen v. Little, supra, this problem of logic framed in terms of a retroactive appointment of agency is really "immaterial," because the basis of jurisdiction in these statutes is the act of the motorist in using the highways of the state, not any kind of implied consent to the appointment of some kind of statutory agent. In point of law and in fact, the provisions which purport to establish an "agency" in these statutes—and which have been historically justified on the basis of an implied consent thereto—purely and simply add up to a legal fiction which we think presents no barrier to retroactive application of the statute here in question.

The use of the agency or consent fiction has been widespread, largely due, no doubt, to the fact that the first such statute upheld by the United States Supreme Court employed it. Since then, as more than one author has pointed out, "the use of that fiction appears to have become almost ritualistic in statutes of this type." Note, 67 Harv.L.Rev. 1087, 1088 (1954). But the meaning of a ritual is to be found in its substance, not its form. The substance of these statutes does not rest in the form of the "appointed" agent or any kind of consent. As explained by Mr. Justice Frankfurter in Olberding v. Illinois Central R. Co., 346 U.S. 338, 340–341, 74 S.Ct. 83, 85–86, 98 L.Ed. 39 (1953):

"It is true that in order to ease the process by which new decisions are fitted into pre-existing modes of analysis there has been some fictive talk to the effect that the reason why a non-resident can be subjected to a state's jurisdiction is that the non-resident has 'impliedly' consented to be sued there. In point of fact, however, jurisdiction in these cases does not rest on consent at all. See Scott, Jurisdiction over Non-resident Motorists, 39 Harv.L.Rev. 563. The defendant may protest to high heaven his unwillingness to be sued and it avails him not. The liability rests on the inroad which the automobile has made on the decision of Pennoyer v. Neff, 95 U.S. 714 [24 L.Ed. 565], as it has on so many aspects of our social scene. The potentialities of damage by a motorist, in a population as mobile as ours, are

such that those whom he injures must have opportunities of redress against him provided only that he is afforded an opportunity to defend himself."

The Wisconsin and Illinois courts have expressly adopted this analysis to short-circuit the theoretical retroactive agent argument. In Ogdon v. Gianakos, 415 Ill. 591, 114 N.E.2d 686, 690 (1953) the Court concluded:

"In the instant case, it is the fact of subsequent nonresidence that enables the plaintiff to obtain jurisdiction of the defendant by serving the Secretary of State in accordance with the statute. The service depends on no consent, actual or implied, but merely upon declarations of the legislature in the valid exercise of the police power of the State."

The Wisconsin Court is even more explicit, inasmuch as it explains the function of the statutorily appointed agent in terms of this analysis:

" * * * (we) recognize that jurisdiction of the nonresident tortfeasor *in personam* rests on his contact with the state through his use of the public highway and the injury he inflicts on others while so using it, and such jurisdiction may be asserted and exercised without the intermediation of a fictitious agent. In the present case service upon the commissioner of the motor vehicle department is good, not because he has been appointed or has otherwise become the defendant's agent but because he is the person whom the legislature has designated as the person who shall receive the service and mail the papers to the defendant at his last known address, which is a means reasonably calculated to bring home to him notice of the pendency of the suit. Accordingly the problem of logic of a retroactive appointment of agency becomes immaterial." Steffen v. Little, 2 Wis.2d 350, 86 N.W.2d 622, 628 (1957).

One additional note seems desirable to underscore what we have said above about the policy of applying this statute retroactively. One author, who has made an extensive survey of this problem, has criticized the Courts for resting their decisions upon the "substantive-procedural dichotomy" because it is irrelevant to the question of reliance which he considers to be the nub of the issue of retroactivity. Accordingly, he suggests that

" * * * courts should weigh the competing considerations relevant to determining whether retroactive application of a statute comports with due process—whether it is arbitrary and unreasonable to predicate judicial jurisdiction upon acts performed at a time when the state, under law then existing, would not have exercised jurisdiction." Comment, Retroactive Expansion of State Court Jurisdiction Over Persons, 63 Colum.L.Rev. 1105, 1121 (1963).

Employing this analysis, retroactive application of this statute to one who was a resident at the time of the accident seems neither arbitrary nor unreasonable. Since defendant was a resident at the time of the accident, he might reasonably have expected to be subject to suit in Colorado for torts he may have committed. And regardless of his expectancy, the fact that his residence at the time of the accident was Colorado would seem to constitute sufficient connection with the state to satisfy the requirement of due process. See Note, 67 Harv.L.Rev. 1087 (1954). We have no doubt that the provisions for notice set out in the statute comport with due process. See Jox, Non-Resident Motorists Service of Process Acts, 33 F.R.D. 151 (1963). Accordingly, it is therefore

Ordered that defendant's motion to quash the return of service of summons and complaint be, and the same hereby is, denied.