Evelyn SMITH, Frances Clifford and
Emma Alff, Plaintiffs,

v.

Roberta PUTNAM, also known as Billy
Putnam, Defendant.

Civ. A. No. 9298.

United States District Court
D. Colorado.

Nov. 10, 1965.

---

Norman E. Berman, Denver, Colo., for plaintiffs.

Myron H. Burnett, Denver, Colo., for defendant.

ARRAJ, Chief Judge.

This diversity action stems from an automobile accident occurring on September 11, 1963 in Littleton, Colorado. At the time of the accident and until approximately March 15, 1965 the defendant was a resident of Colorado. Since that date, she has been a resident of the State of Alabama. On May 10, 1965, Colo.Sess.Laws Ch. 119 (1965); Colo. Rev.Stat.Ann. §§ 37–1–26, 27 (1963) expanding the jurisdictional reach of the Colorado courts, became law. The pertinent provisions of that statute are as follows:

1.  Jurisdiction of courts.—(1)(a) Engaging in any act hereinafter enumerated by any person, whether or not a resident of the state of Colorado, * * * submits such person, * * * to the jurisdiction of the courts of

this state, concerning any cause of action arising from:

\* \* \* \* \* \*

(c) The commission of a tortious act within this state;

\* \* \* \* \* \*

2. Service of process.—(1) Service of process upon any person subject to the jurisdiction of the courts of Colorado may be made by personally serving the summons upon the defendant outside this state, in the manner prescribed by the Colorado rules of civil procedure, with the same force and effect as if the summons had been personally served within this state.

This action was commenced on July 29, 1965 and the defendant was personally served in Huntsville, Alabama, the jurisdiction of this Court to entertain this suit being based on the above statute.

Defendant moved to quash summons pursuant to Fed.R.Civ.P. 12(b)(2).

The sole question before the Court at this time is whether retrospective application of this statute to the facts of this case contravenes the constitutional prohibition of retrospective legislation set forth in Article II, Section 11 of the Colorado Constitution. Being unguided by any decisions of the Supreme Court of Colorado concerning this particular question, or, indeed, this statute in general, we must attempt to discern the disposition that Court would make had it this precise question before it.

Article II, Section 11, of the Colorado Constitution, in unequivocal terms, prohibits retrospective legislation.

No ex post facto law, \* \* \* or [law] retrospective in its operation \* \* · \* shall be passed by the general assembly. Ibid.

However, through judicial interpretation, such constitutional and statutory prohibitions against such legislation have been engrafted with various exceptions whereby legislation operating retrospectively is permitted notwithstanding seemingly clear and absolute prohibitions against it.

One well established exception, which we will refer to as the "substantive—procedural dichotomy", requires a primary characterization of the statute in question as one either "substantive", i. e. creating, destroying, altering vested rights or liabilities, or "procedural", i. e. relating only to remedies or modes of procedure to enforce such rights or liabilities. That this statute, an example of one of the many new "long arm" statutes, is "procedural" rather than "substantive" cannot be seriously questioned. Its effect is not to create a right or liability where none existed before; its only effect is to broaden the procedure whereby one seeking redress against an alleged tortfeasor may compel him to answer in the forum initially determined by the plaintiff to be the most convenient. The prior contacts of the defendant with the forum—the Colorado residency and incidents thereto—provide the Court a basis upon which jurisdiction can be asserted over defendant. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927).

\* \* \* [J]urisdiction of the nonresident tortfeasor *in personam* rests on his contact with the state through his use of the public highway and the injury he inflicts on others while so using it \* \* \*. Steffen v. Little, 2 Wis.2d 350, 86 N.W.2d 622, 628 (1957).

Having determined the proper characterization of this statute, the appropriate rule of construction to be applied is that "substantive statutes" are restricted to prospective operation only, whereas "procedural" or "remedial" statutes are permitted retrospective application. Fisher v. Hervey, 6 Colo. 16 (1881). See Sawyer v. Taylor, 225 F.Supp. 555 (D.Colo. 1963); Note, 67 Harv.L.Rev., 1087 (1954); Comment, Retroactive Expansion of State Court Jurisdiction Over Persons, 63 Colum.L.Rev. 1105 (1963). See generally 82 C.J.S. Statutes §§ 414,

416, and 421. Significantly, numerous cases from other jurisdictions presented with this issue of retrospective application of similar statutes have also construed such statutes as procedural rather than substantive. Ogdon v. Gianakos, 415 Ill. 591, 114 N.E.2d 686 (1953); Steffen v. Little, supra; Clews v. Stiles, 303 F.2d 290 (10th Cir. 1960) (construing New Mexico statute; Gray v. Armijo, 70 N.M. 245, 372 P.2d 821 (1962). See Comment, Retroactive Expansion of State Court Jurisdiction Over Persons, 63 Colum.L.Rev. 1105 and 53 A.L.R.2d 1164.

■ Another distinct, yet equally forceful and compelling, canon of statutory construction turns on the somewhat nebulous concept of legislative intent to fill what is considered to be a jurisdictional gap. That such a gap in respect to users of Colorado highways did exist prior to this statute, we need only refer to the legislative and judicial history of the attempts of Colorado to assert jurisdiction over this class of individuals. Prior to 1961, only motorists who were *nonresidents of Colorado at the time of the accident could be* subject to the jurisdiction of Colorado courts. Colo.Rev.Stat. Ann. §§ 13–8–1 to 4 (1953), the initial non-resident motorist statute, was repeatedly construed not to apply to an individual who was considered to be a resident of Colorado at the time of the accident, even though he subsequently terminated his residence in the state. Carlson v. District Court, 116 Colo. 330, 180 P.2d 525 (1947); Warwick v. District Court, 129 Colo. 300, 269 P.2d 704 (1954); Clark v. Reichman, 130 Colo. 329, 275 P.2d 952 (1954). In an effort to broaden the jurisdictional "reach" of Colorado over highway users, the legislature repealed this statute in its entirety and enacted Colo.Rev.Stat.Ann. § 13–8–5 to 10 (Supp.1961) to take its place. The purpose of this broad revision was to enable the assertion of jurisdiction over resident motorists who, subsequent to an accident giving rise to a controversy, terminated their Colorado residency, as well as preserving jurisdiction over those motorists who were non-residents at the time of the accident. This laudable effort was held for naught when the Colorado Supreme Court, in Clemens v. District Court, 154 Colo. 176, 390 P.2d 83 (1964), held this entire statute, including the repealing clause, unconstitutional. In so holding, the initial non-resident motorist statute, including the previously mentioned restrictive interpretations placed thereon by the Colorado court, was judicially resurrected. It was this jurisdictional void, among others, that the Colorado legislature, presumably, must have intended to remedy when it enacted the statute now under consideration. As one writer has so succinctly stated, " * * * retroactivity may be essential to remedy effectively the evil at which the legislation is directed." Comment, Retroactive Expansion of State Court Jurisdiction Over Persons, supra at 1102. We find ourselves in accord with this view.

■ Apart from any distinctions between statutes dealing with substantive rights as opposed to statutes relating merely to remedies or procedures to enforce substantive rights, the background of this statute leading to its enactment by the Colorado legislature, together with the appropriate rule of statutory construction, provides us with still another basis, for according this statute retrospective operation. The Colorado legislature adopted this statute, almost verbatim, from the state of Illinois. Chapter 110 Smith-Hurd Illinois Annotated Statutes § 17. In this respect, the applicable rule of statutory construction is that where a statute of a sister state is subsequently adopted by another state, it is presumed, unless the contrary appears from the face of the statute or other extrinsic sources, that the legislature of the adopting state adopted it with the construction that has been previously placed on the statute by the courts of the sister state.

> Such construction is regarded as of great weight, or at least persuasive, and will generally be followed if sound and reasonable, and in harmony with justice and public policy, and with other laws of the adopting

jurisdiction on the subject. 82 C.J.S. Statutes § 372, at pp. 862–863.

Colorado is clearly committed to this rule of construction. In Hallett v. Alexander, 50 Colo. 37, 114 P. 490, 34 L.R.A.,N.S. 328 (1911), indeed significant for the fact that there the Supreme Court was construing Colorado's mortgage recording act which, also, was adopted from Illinois, the Court said

> In adopting substantially the Illinois statute, the Legislature of this state is presumed to have intended that such statute shall by the courts of this state receive the same construction given it by the courts of that state previous to its adoption in this. Id. at 50, 114 P. at 495.

The Supreme Court of Illinois, in Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673 (1957), interpreted their statute to operate retrospectively, stating *inter alia*

> The law applicable in the State of Illinois is that there is no vested right in any particular remedy or method of procedure, and that, while generally statutes will not be construed to give them a retroactive operation unless it clearly appears that such was the legislative intent, nevertheless, when the law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether the suit has been instituted or not. The statute merely establishes a new mode of obtaining jurisdiction of the person of the defendant in order to secure existing rights. * * * As a change which affects merely the law of procedure, there can be no valid objection to enforcing the existing cause of action under this new procedure. 143 N.E.2d at 676.

Finally, and aside from reliance upon any rules or canons of statutory construction which, admittedly, are only guides to a court in attaining what is considered to be a just result, retrospective application of this statute is in accord with sound public policy. As we have indicated previously in Sawyer v. Taylor, 225 F.Supp. 555 (D.Colo.1963), it has been suggested that courts should refrain from resting decisions upon the "substantive—procedural dichotomy" but should

> * * * [W]eigh the competing considerations relevant to determining whether retroactive application of a statute comports with due process—whether it is arbitrary and unreasonable to predicate judicial jurisdiction upon acts performed at a time when the state, under law then existing, would not have exercised jurisdiction. Comment, Retroactive Expansion of State Court Jurisdiction Over Persons, 63 Colum. L.Rev. 1105, 1121 (1963).

Applying this analysis, it cannot be said that retrospective application of this statute to the facts before us would be arbitrary, unreasonable, or offensive, " * * * to traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, supra, 326 U.S. at 316, 66 S.Ct. at 158.

■ At the time of the accident, the defendant was a resident of Colorado. This fact, in itself, in addition to providing a sufficient contact with the state to satisfy the requirement of due process, makes it reasonable to conclude that the defendant might have expected to be subject to suit in Colorado for torts that she may have committed here during that period. It is therefore

Ordered that the motion of the defendant to quash summons must be, and hereby is, denied.